IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

**JOSHUA M. SETTLE,**

    **Plaintiff,**

v.                                                    **Civil Action No. 2:18-cv-01177**
                                                            **Judge John T. Copenhaver, Jr.**

**NATHAN SCOTT STEPP,**
**Individually as a member of the**
**West Virginia State Police,**

    **Defendant.**

**DEFENDANT NATHAN SCOTT STEPP'S MEMORANDUM OF LAW IN
SUPPORT OF HIS MOTION FOR PROTECTIVE ORDER AGAINST PLAINTIFF'S
CIVIL CASE SUBPOENA TO WEST VIRGINIA STATE POLICE**

**COMES NOW** the Defendant, Nathan Scott Stepp, by and through counsel, Wendy E. Greve, W. Austin Smith and the law firm of Pullin, Fowler, Flanagan, Brown & Poe, PLLC, pursuant to Rule 26 of the Federal Rules of Civil Procedure, for his Motion for Protective Order to protect him from Plaintiff Joshua M. Settle's subpoena duces tecum to non-party West Virginia State Police. In support of said motion, Defendant submits his Memorandum of Law and states as follows:

**RELEVANT FACTS**

On February 23, 2018, Plaintiff filed this excessive force action against Defendant West Virginia State Trooper Nathan Scott Stepp. ECF No. 1. Plaintiff asserts that Defendant Stepp used excessive force against him after attempting to flee from Defendant in his vehicle and actively fought and attempted to disarm Defendant during the subsequent arrest. Plaintiff filed suit pursuant to 42 U.S.C. § 1983 for excessive force; state constitutional violations; battery; negligence; intentional infliction of emotional

distress; and abuse of process. See Id. All these claims were raised against Defendant individually.

On February 25, 2019, Plaintiff issued a "notice of issuance of civil case subpoena" to the West Virginia State Police (WVSP), a nonparty in this matter. ECF no. 27 and ECF no. 27-1. In the notice, Plaintiff requests a total of documents in thirty-seven (37) areas from WVSP including, inter alia, copies of documents maintained by and in the custody of the WVSP Professional Standards Section regarding Defendant; copies of all communications and correspondences in relation to any administrative of internal investigation pertaining to Defendant; copies of the case file for every investigation related to Defendant; copies of every complaint against Defendant and documents and correspondences related thereto; Documents related to disciplinary action related to Defendant; and copies of special orders, department memoranda, and department notices regarding Defendant. (See ECF no. 27-2).

On March 13, 2019, the undersigned issued an email correspondence to Plaintiff's counsel regarding, inter alia, the relevancy of the subpoena duces tecum. (see email correspondence attached hereto as Exhibit 1). Plaintiff's counsel ultimately refused to withdraw his subpoena and the parties have been unable to reach an agreement on the matter. (see Id.).

## **STANDARD**

Rule 26(b)(1) of the Federal Rules of Civil Procedure permits "discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . .. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Because these rules

implicate the legitimate privacy interests of litigants, Rule 26 further provides that a court, upon a showing of good cause, may enter a protective order to protect any party to a lawsuit from annoyance or embarrassment. FED. R. CIV. P. 26(c). Additional limitations are imposed on discovery by Rule 26(b)(2)(C), which provides, in relevant part:

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
>
> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

The burden lies with the party seeking the protective order to show good cause for the entry of the order. . . Gulf Oil Co. v. Bernard, 452 U.S. 89, 102 n.16, 101 S.Ct. 2193, 68 L.Ed.2d 693 (1981).

## Discussion

The information and documents sought by Plaintiff's subpoena duces tecum issued to WVSP not relevant to the claims against this Defendant and are not reasonably calculated to lead to the discovery of admissible evidence in the instant case. Information must be, at a minimum, relevant to be discoverable. Kidwiler v. Progressive Paloverde Ins. Co., 192 F.R.D. 193, 199 (N.D.W. Va. 2000). Information is relevant, and thus discoverable, if it "bears on, or ... reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." Nix v. Holbrook, No. CIV.A. 5:13-02173, 2015 WL 791213, at *2 (D.S.C. Feb. 25, 2015) (citations omitted); see also Mills v. E. Gulf Coal

Preparation Co., LLC, 259 F.R.D. 118, 131 (S.D.W. Va. 2009) ("the question of the relevancy of the information sought through discovery essentially involves a determination of how substantively the information requested bears on the issues to be tried.").

In the instant case, Plaintiff's claims against Defendant WVSP Trooper Nathan Scott Stepp pursue claims arising under 42 U.S.C. § 1983 for excessive force; state constitutional violations; battery; negligence; intentional infliction of emotional distress; and abuse of process. ECF No. 1. All these claims are brought against Defendant Nathan Scott Stepp as an individual. No claims against WVSP have been raised in relation to this complaint. While relevancy in the discovery context is construed broadly, Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351, 98 S. Ct. 2380, 2389, 57 L. Ed. 2d 253 (1978), there is no relationship to the information sought by the instant subpoena duces tecum and the claims raised by Plaintiff's Complaint.

To raise a claim against a law enforcement officer pursuant to 42 U.S.C. § 1983 for excessive force courts must determine whether Defendant's conduct was reasonable under the circumstances. See Graham v. Connor, 490 U.S. 386, 394, 109 S. Ct. 1865, 1871(U.S. 1989). "Generally, abuse of process consists of the willful or malicious misuse or misapplication of lawfully issued process to accomplish some purpose not intended or warranted by that process." Williamson v. Harden, 214 W. Va. 77, 80, 585 S.E.2d 369, 372 (2003) (citations and internal quotations omitted). And, "[a]n actor is subject to liability to another for battery if (a) he acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact, and (b) a harmful contact with the person of

the other directly or indirectly results." W. Virginia Fire & Cas. Co. v. Stanley, 216 W. Va. 40, 51, 602 S.E.2d 483, 494 (2004) (quoting the Restatement (Second) of Torts, § 13 (1965)).

The information Plaintiff seeks from the WVSP Professional Standards has no bearing on any of the claims Plaintiff's has brought.  Nor is it relevant to any affirmative defense.

1. *Copies of all communications or correspondence from the West Virginia State Police, Professional Standards Section (or any of its members) (hereinafter, the "Section")  to Trooper Nathan Scott Stepp or his supervisor and/or commanding officer from January 1, 2011 to the present.*

Communications or correspondence from the PSS to Defendant or his supervising or commanding officer over the past eight years is not relevant and is overly broad and not reasonably calculated to lead to the discovery of admissible evidence.

2. *Copies of all communications or correspondence from Trooper Nathan Scott Stepp or his supervisor and/or commanding officer to the Section (or any of its members) from January 1, 2011 to the present.*

Communications or correspondence from the Defendant or his supervising or commanding officer to PSS over the past eight years is not relevant and is overly broad and not reasonably calculated to lead to the discovery of admissible evidence.

3. *Copies of all communications or correspondence from the Section (or any of its members) to any other West Virginia State Police member, detachment, division, or section referring or relating to Trooper Nathan Scott Stepp from January 1, 2011 to the present.*

Communications or correspondence from PSS to "any other West Virginia State Police member, detachment, division, or section referring or relating" to the Defendant over the past eight years is not relevant, is overly broad, ambiguous. and not reasonably calculated to lead to the discovery of admissible evidence.

4. *Copies of all documents maintained by the Section referring, relating, or pertaining in any way to Trooper Nathan Scott Stepp.*

"All documents" maintained by PSS "referring, relating or pertaining in any way" to the Defendant is not relevant, is overly broad, ambiguous. and not reasonably calculated to lead to the discovery of admissible evidence.

5. *Copies of all documents created or generated by the Section referring, relating, or pertaining in any way to Trooper Nathan Scott Stepp.*

"All documents" created or generated by PSS "referring, relating or pertaining in any way" to the Defendant is not relevant, is overly broad, ambiguous. and not reasonably calculated to lead to the discovery of admissible evidence.

6. *Copies of all documents received by the Section referring, relating, or pertaining in any way to Trooper Nathan Scott Stepp.*

"All documents" received by PSS "referring, relating or pertaining in any way" to the Defendant is not relevant, is overly broad, ambiguous. and not reasonably calculated to lead to the discovery of admissible evidence.

7. *Copies of all documents referring or relating to any Administrative or Internal Investigation (as defined by W. Va. Code § 81-10-2.1) referring or relating to Trooper Nathan Scott Stepp, including all supporting documents, photographs, videos, or other tangible things.*

All documents" "referring or relating" to any Administrative or internal investigation referring or relating to the Defendant is not relevant, is overly broad, ambiguous. and not reasonably calculated to lead to the discovery of admissible evidence.

8. *Copies of all communications and correspondence, including but not limited to e-mails, letters, notes, memos, etc., referring or relating to any Administrative or Internal Investigation (as defined by W. Va. Code § 81-10-2.1) pertaining Trooper Nathan Scott Stepp from January 1, 2011 to the present.*

Copies of all communications and correspondence " "referring or relating" to any Administrative or internal investigation "pertaining" to the Defendant over the past eight years

is not relevant, is overly broad, ambiguous. and not reasonably calculated to lead to the discovery of admissible evidence.

9. *Copies of the Case File (as defined by W. Va. Code § 81-10-2.2) for each and every investigation or inquiry referring or relating to Trooper Nathan Scott Stepp.*

Copies of "the case file" for "each and every investigation or inquiry referring or relating to" the Defendant is not relevant, is overly broad, ambiguous. and not reasonably calculated to lead to the discovery of admissible evidence.

10. *Copies of each and every Complaint (as defined by W. Va. Code § 81-10-2.3) and External Complaint (as defined by W. Va. Code § 81-10-2.11) referring or relating to Trooper Nathan Scott Stepp, including all supporting documents, photographs, videos, or other tangible things.*

Copies of "each and every Compliant and External Complaint" referring or relating to" the Defendant is not relevant, is overly broad, ambiguous. and not reasonably calculated to lead to the discovery of admissible evidence.

11. *Copies of any and all communications or correspondence, including but not limited to any e-mails, letters, notes, memos, etc., referring or relating to any Complaint (as defined by W. Va. Code § 81-10-2.3) and External Complaint (as defined by W. Va. Code § 81-10-2.11) pertaining to Trooper Nathan Scott Stepp from January 1, 2011 to the present.*

Copies of communications and correspondence "referring or relating to any Complaint and External Complaint" over the past eight years referring or relating to" the Defendant is not relevant, is overly broad, ambiguous. and not reasonably calculated to lead to the discovery of admissible evidence.

12. *Copies of the Central Log for all complaints (as referenced in W. Va. Code § 81-10-3.3) referring or relating to Trooper Nathan Scott Stepp.*

Copies of the "Central Log" for all complaints "referring or relating" to the Defendant is not relevant, is overly broad, ambiguous. and not reasonably calculated to lead to the discovery of admissible evidence.

13. *Copies of all documents, photographs, videos, or other tangible things referring or relating to any Critical Incidents (as defined by W. Va. Code § 81-1O-2.5) involving Trooper Nathan Scott Stepp.*

Copies of all documents etc "referring or relating to any Critical Incidents" "involving" the Defendant is not relevant, is overly broad, ambiguous. and not reasonably calculated to lead to the discovery of admissible evidence.

14. *Copies of any and all communications or correspondence, including but not limited to e-mails, letters, notes, memos, etc., referring or relating to any Critical Incidents (as defined by W. Va. Code § 81-1O-2.5) involving Trooper Nathan Scott Stepp from January 1, 2011 to the present.*

Copies of all communications etc "referring or relating to any Critical Incidents" "involving" the Defendant over the past eight years is not relevant, is overly broad, ambiguous. and not reasonably calculated to lead to the discovery of admissible evidence.

15. *Copies of all documents referring or relating to any Disciplinary Action (as defined by W. Va. Code § 81-1O-2.7) involving Trooper Nathan Scott Stepp.*

Copies of all documents "referring or relating to any Disciplinary Action" "involving" the Defendant is not relevant, is overly broad, ambiguous. and not reasonably calculated to lead to the discovery of admissible evidence.

16. *Copies of any and all communications or correspondence, including but not limited to e-mails, letters, notes, memos, etc., referring or relating to any Disciplinary Action (as defined by W. Va. Code § 81-1O-2.7) involving Trooper Nathan Scott Stepp from January 1, 2011 to the present.*

Copies of all communications etc. "referring or relating to any Disciplinary Action" "involving" the Defendant over the past eight years is not relevant, is overly broad, ambiguous. and not reasonably calculated to lead to the discovery of admissible evidence.

17. *Copies of any and all Special Orders referring or relating to Trooper Nathan Scott Stepp.*

Copies of all special orders. "referring or relating to" the Defendant is not relevant, is overly broad, ambiguous. and not reasonably calculated to lead to the discovery of admissible evidence.

18. *Copies of any and all Department Notices referring or relating to Trooper Nathan Scott Stepp.*

Copies of all "Department Notices" "referring or relating to" the Defendant is not relevant, is overly broad, ambiguous. and not reasonably calculated to lead to the discovery of admissible evidence.

19. *Copies of any and all Department Memorandum referring or relating to Trooper Nathan Scott Stepp.*

Copies of all "Department Memorandum" "referring or relating to" the Defendant is not relevant, is overly broad, ambiguous. and not reasonably calculated to lead to the discovery of admissible evidence.

20. *Copies of each and every Administrative or Internal Investigation (as defined by W. Va. Code § 81-10-2.14) referring or relating to Trooper Nathan Scott Stepp, including all supporting documents, photographs, videos, or other tangible things.*

Copies of each and every "Administrative or Internal Investigation" "referring or relating" to Defendant is not relevant, is overly broad, ambiguous. and not reasonably calculated to lead to the discovery of admissible evidence.

21. *Copies of any and all communications or correspondence, including but not limited to e• mails, letters, notes, memos, etc., referring or relating to each and every Administrative or Internal Investigation (as defined by W. Va. Code § 81-10-2.14) pertaining to Trooper Nathan Scott Stepp from January 1, 2011 to the present.*

Copies of all communications etc. "referring or relating" to "each and every Administrative or Internal Investigation" "pertaining" to Defendant is not relevant, is overly broad, ambiguous. and not reasonably calculated to lead to the discovery of admissible evidence.

22. *Copies of all letters to complainants (as referenced in W. Va. Code§ 81-10-3.4) referring or relating to Trooper Nathan Scott Stepp.* Copies of all letters to complainants "referring or relating" to Defendant is not relevant, is overly broad, ambiguous. and not reasonably calculated to lead to the discovery of admissible evidence

23. *Copies of all written employee notifications (as referenced in W. Va. Code§ 81-10-3.4) referring or relating to Trooper Nathan Scott Stepp.*

Copies of all written employee notifications "referring or relating" to Defendant is not relevant, is overly broad, ambiguous. and not reasonably calculated to lead to the discovery of admissible evidence.

24. *Copies of any and all written communications or correspondence, including but not limited to, e-mails, letters, notes, memos, etc., between the Section (or any of its members) and any Investigator (as defined by W. Va. Code§ 81-10-2.15) referring or relating to Trooper Nathan Scott Stepp from January 1, 2011 to the present.*

Copies of all communications etc. between the section and any investigator "referring or relating" to Defendant is not relevant, is overly broad, ambiguous. and not reasonably calculated to lead to the discovery of admissible evidence.

25. *Copies of any and all written communications referred to in W. Va. Code § 81-10-3.4, including but not limited to, e-mails, letters, notes, memos, etc., between or among the Section (as defined by W. Va. Code§ 81-10-2.17), any Investigator (as defined by W. Va. Code § 81-10-2.15), the OIC (as defined by W. Va. Code § 81-10-2.16), and the Superintendent (as defined by W. Va. Code § 81-10-2.18) referring or relating to Trooper Nathan Scott Stepp from January 1, 2011 to the present.*

Copies of all communications etc. between the section and the Superintendent, any investigator, the OIC "referring or relating" to Defendant is not relevant, is overly broad, ambiguous. and not reasonably calculated to lead to the discovery of admissible evidence.

26. *Copies of the Annual Statistical Report (as referenced in W. Va. Code § 81-10-3.5) for the years 2011 through the present.*

The WVSP Annual Statistical Report for each of the past eight years is not relevant, is overly broad, and not reasonably calculated to lead to the discovery of admissible evidence.

27. *Copies of any and all communications, including but not limited to, e-mails, letters, notes, memos, etc., between the OIC (as defined by W. Va. Code § 81-10-2.16) and the Superintendent (as referenced in W. Va. Code § 81-10-3.6) referring or relating to Trooper Nathan Scott Stepp from January 1, 2011 to the present.*

Copies of all communications etc. between OIC and the Superintendent "referring or relating" to Defendant over the past eight years is not relevant, is overly broad, ambiguous. and not reasonably calculated to lead to the discovery of admissible evidence.

28. *Copies of any and all reports and communications, including but not limited to, e-mails, letters, notes, memos, etc., between or among any Investigators and the OIC (as referenced in W. Va. Code § 81-10-3.8) referring or relating to Trooper Nathan Scott Stepp from January 1, 2011 to the present.*

Copies of all reports and communications etc. between any investigators and the OIC "referring or relating" to Defendant over the past eight years is not relevant, is overly broad, ambiguous. and not reasonably calculated to lead to the discovery of admissible evidence.

29. *Copies of all Personnel Complaint Forms (as referenced in W. Va. Code § 81-10-5) referring or relating to Trooper Nathan Scott Stepp, including all supporting or relating documents, photographs, videos, or other tangible things.*

Copies of all Personnel Complaint Forms "referring or relating" to Defendant is not relevant, is overly broad, ambiguous. and not reasonably calculated to lead to the discovery of admissible evidence.

30. *Copies of all photographs (as referenced in W. Va. Code § 81-10-5.7) pertaining to any complaint or inquiry referring or relating to Trooper Nathan Scott Stepp.*

Copies of all Photographs "pertaining to any complaint or inquiry" "referring or relating" to Defendant is not relevant, is overly broad, ambiguous. and not reasonably calculated to lead to the discovery of admissible evidence.

31. *Copies of all investigation and/or injury reports referring or relating to Trooper Nathan Scott Stepp.*

Copies of all investigation and.or injury reports "referring or relating" to Defendant is not relevant, is overly broad, ambiguous. and not reasonably calculated to lead to the discovery of admissible evidence.

32. *Copies of all audio, video, and written transcripts of testimony during any administrative hearing referring or relating to Trooper Nathan Scott Stepp.*

Copies of all testimony during any administrative hearing "referring or relating" to Defendant is not relevant, is overly broad, ambiguous. and not reasonably calculated to lead to the discovery of admissible evidence.

33. *Copies of all documents and communications, including but not limited to, e-mails, letters, notes, memos, etc., referring or relating to Trooper Nathan Scott Stepp maintained by the Early Identification System and/or its members (as defined by W. Va. Code § 81-2.8) or the Internal Review Board and/or its members, as referenced in W. Va. Code § 81-10-9.*

Copies of all documents etc. "referring or relating" to Defendant "maintained by EIS or the IRB" is not relevant, is overly broad, ambiguous. and not reasonably calculated to lead to the discovery of admissible evidence.

34. *Copies of all quarterly, biannual, and yearly reports referenced in W. Va. Code§ 81-10-9 referring or relating to Trooper Nathan Scott Stepp.*

Copies of reports. "referring or relating" to Defendant " is not relevant, is overly broad, ambiguous. and not reasonably calculated to lead to the discovery of admissible evidence.

35. *Copies of all documents and communications, including but not limited to, e-mails, letters, notes, memos, etc., maintained by the Early Identification System (and/or its members) or the Internal Review Board (and/or its members) referring or relating to any review of Trooper Nathan Scott Stepp by the Internal Review Board, as referenced in W. Va. Code § 81-10-9.*

Copies of all documents etc. "referring or relating to any review of" Defendant "maintained by EIS or the IRB" is not relevant, is overly broad, ambiguous. and not reasonably calculated to lead to the discovery of admissible evidence.

36. *Copies of any documents, reports, or evaluations referring or relating Trooper Nathan Scott Stepp made pursuant to W. Va. Code§ 81-10-10.*

Copies of all documents etc. "referring or relating" to Defendant " is not relevant, is overly broad, ambiguous. and not reasonably calculated to lead to the discovery of admissible evidence.

37. *Copies of all documents and communications, including but not limited to, e-mails, letters, notes, memos, etc., referring or relating to any Disciplinary Offenses (as referenced in W. Va. Code§ 81-10-11.3) involving Trooper Nathan Scott Stepp, including any resulting disciplinary action.*

Copies of all documents etc. "referring or relating to and Disciplinary Offenses involving" Defendant " is not relevant, is overly broad, ambiguous. and not reasonably calculated to lead to the discovery of admissible evidence.

## CONCLUSION

For the reasons set forth above, Plaintiff is not entitled to the production of documents requested by his subpoena from WVSP. As such, Defendants respectfully

requests that this honorable court issue a protective order pursuant to Rule 26 of the Federal Rules of Civil Procedure, fees and costs associated with bringing said motion, and any and all relief that may be fair and just.

                                        NATHAN SCOTT STEPP
                                        By Counsel,

                                        */s/ Wendy E. Greve*
                                        Wendy E. Greve, Esq., WVSB #11045
                                        W. Austin Smith, Esq. WVSB #13145

**Pullin, Fowler, Flanagan, Brown & Poe, PLLC**
JamesMark Building
901 Quarrier Street
Charleston, West Virginia 25301
Telephone (304) 344-0100
Facsimile (304) 342-1545

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# CHARLESTON DIVISION

**JOSHUA M. SETTLE,**

    **Plaintiff,**

v.　　　　　　　　　　　　　　　　　　　Civil Action No. 2:18-cv-01177
　　　　　　　　　　　　　　　　　　　　Judge John T. Copenhaver, Jr.

**NATHAN SCOTT STEPP,**
**Individually as a member of the**
**West Virginia State Police,**

    **Defendant.**

## CERTIFICATE OF SERVICE

The undersigned counsel for defendant, Nathan Scott Stepp, individually and as a member of the West Virginia State Police, does hereby certify that on this **19th** day of **March, 2019**, I electronically filed the foregoing ***Defendant Nathan Scott Stepp's Memorandum of Law in Support of His Motion for Protective Order Against Plaintiff's Civil Case Subpoena to West Virginia State Police*** by utilizing the CM/ECF filing system which will send notification of the same to the following counsel of record:

Eric J. Buckner, Esq.
Russell A. Williams, Esq.
KATZ, KANTOR, STONESTREET & BUCKNER, PLLC
112 Capitol St., Suite 100
Charleston, WV 25301
Telephone (304) 431-4053

                                              */s/ Wendy E. Greve*
                                              Wendy E. Greve, Esq., WVSB #11045
                                              W. Austin Smith, Esq. WVSB #13145

**Pullin, Fowler, Flanagan, Brown & Poe, PLLC**
JamesMark Building
901 Quarrier Street
Charleston, West Virginia 25301
Telephone (304) 344-0100
Facsimile (304) 342-1545