# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# CHARLESTON DIVISION

| | |
|---|---|
| JOSHUA M. SETTLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 2:18-cv-01177 |
| ) | Honorable Judge Copenhaver |
| NATHAN SCOTT STEPP, ) | |
| Individually as a member of the ) | |
| West Virginia State Police, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES

**NOW COMES**, Plaintiff Joshua M. Settle (hereinafter "Plaintiff"), through the undersigned counsel, and files this Motion to Compel Discovery Responses against Defendant Nathan Scott Stepp (hereinafter "Defendant") pursuant to Rule 37 of the Federal Rules of Civil Procedure. Furthermore, Plaintiff seeks an award of attorney fees and costs related to filing this Motion pursuant to Fed. R. Civ. P. 37(a)(5)(A). In support of said Motion, Plaintiff submits the following:

### I.     STATEMENT OF THE CASE

This is a police brutality case against Defendant, a West Virginia State Trooper based in Roane County, West Virginia. On the evening of April 19, 2017, Plaintiff was brutally beaten by Defendant after he attempted to flee in his vehicle when Defendant tried to pull him over for a moving violation.[1]  *See* Complaint, ¶¶ 10-46 [ECF #1]. After a short pursuit, Plaintiff lost control of his vehicle and crashed in a roadside ditch on a rural one lane road.[2]     After the crash, when

---

[1] Plaintiff was a twenty-year-old male, driving on a suspended license.

[2] No one, including Plaintiff, was injured in the single-car accident.

approached by Defendant, Plaintiff immediately showed his hands and complied with Defendant's verbal commands to exit the vehicle.

Even though Plaintiff was unarmed, and despite his compliance with Defendant's verbal commands, Defendant mercilessly beat Plaintiff with his baton, resulting in serious bodily injuries.[3]  *See id*.  The beating inflicted by Defendant was so violent, that after it finally stopped, Defendant's hands and arms were covered in Plaintiff's blood, Plaintiff was bleeding profusely from his head and face, and Plaintiff's blood was pooled on the roadside and the pavement.  *See id*. at ¶¶ 47-55.[4]

Due to the severity of Plaintiff's injuries, he was immediately taken by medivac helicopter to Charleston Area Medical Center (CAMC), were he was diagnosed and treated for acute head injuries, multiple lacerations to his scalp (requiring nine (9) staples), multiple cranial hematomas, a possible left wrist fracture[5], and a possible lung contusion.  *See id*. at ¶¶ 56-57.

Following the incident, Defendant attempted to cover-up the brutal beating he inflicted on Plaintiff by: (1) falsely telling first responders that Plaintiff's injuries were due to his motor vehicle crash and (2) falsely alleging, among other things, that Plaintiff assaulted him and tried to disarm him.  *See id*. at ¶¶ 58-59, 95-101.

## II.     PROCEDURAL HISTORY

Plaintiff's First Set of Interrogatories, Requests for Production, and Requests for Admissions to Defendant (hereinafter "First Discovery Requests") were served on September 17,

---

[3] During the course of the beating, Plaintiff repeatedly begged Defendant to "put him in" Defendant's patrol car and to "stop beating" him in the head with his baton.  *See id*.

[4] In order for the Court view this incident for itself, a copy of the dash camera video is being provided for *in camera* inspection.

[5] During the beating, Defendant had his left wrist handcuffed to Plaintiff's left wrist.

2018 [ECF #9]. *See* First Discovery Requests, attached hereto as Exhibit 1. Defendant served his Responses to Plaintiff's First Discovery Requests on October 24, 2018 [ECF #19]. *See* Defendant's Responses, attached hereto as Exhibit 2. However, Defendant failed to produce documents responsive to a number of document requests. *See id*.

In response to Requests for Production Nos. 6 and 20, which seek production of Defendant's personnel file, Defendant states that the documents will "be produced following entry of a Protective Order." *See id*. In response to Request for Production No. 7, which seeks production of documents relating to Defendant's evaluations, promotions, demotions, or disciplinary actions, Defendant states that said documents "will be contained in [Defendant's] Personnel file." *See id*. In response to Requests for Production Nos. 8, 9, and 10, which seek production of documents relating to any complaints or allegations of excessive force against Defendant, any criminal investigations into Defendant's conduct, and any criminal investigation reports concerning Defendant's conduct, Defendant states that the requests are "being researched and will be supplemented." *See id*.

On September 20, 2018, counsel for Plaintiff first e-mailed counsel for Defendant and requested that, "if a protective order is required before you produce documents, please send me a proposed order so we can get the wheels in motion." *See* E-mail Chain, attached hereto as Exhibit 3. Nearly a month went by with no response from Defense counsel. On December 18, 2018, counsel for Plaintiff e-mailed counsel for Defendant and again asked Defendant to, "[p]lease circulate a proposed protective order...I would like one entered ASAP so that you can produce the documents (like Trooper Stepp's personnel file) that are being withheld." *See id*. In this communication, counsel for Plaintiff also asked that Defense counsel, "please supplement your

responses to Request for Production 8, 9, and 10." *See id*. Again, Plaintiff's counsel received no response from Defense counsel.

Finally, about two (2) weeks later, on January 2, 2019, counsel for Defendant informed counsel for Plaintiff that a draft protective order was forthcoming, but Defense counsel did not address the document production that was being withheld. *See id*. A Proposed Protective Order was eventually filed by Defense counsel on January 8, 2019 [ECF #22].[6] Thus, it took Defendant nearly four (4) months from Plaintiff's first request to finally file a Proposed Protective Order; all the while, Defendant continued to withhold relevant documents.

On January 9, 2019, counsel for Plaintiff again e-mailed counsel for Defendant asking that counsel, "[p]lease supplement your responses to Plaintiff's Request for Production 8, 9, and 10." *See* E-mail Chain, attached hereto as Exhibit 5. Again, Defense counsel did not respond. On January 22, 2019, counsel for Plaintiff sent counsel for Defendant a follow-up e-mail asking for a response, but no response was ever received. *See id*.

Nearly a month later, on February 28, 2019, counsel for Plaintiff yet again e-mailed counsel for Defendant requesting that Defendant, "[p]lease produce documents responsive to Plaintiff's First Requests for Production 6, 7, 8, 9, 10, and 20." *See id*. Counsel for Plaintiff likewise stated that, "I have been waiting on these documents for many, many months now (your original responses were served on October 24, 2018)." *See id*. Counsel for Plaintiff further advised that, "[i]f these documents are not produced by March 15, 2019, I will have no choice but to file a motion to compel with the court." *See id*. Once again, Plaintiff received no response from Defense counsel.

---

[6] During a telephonic conference with the Court on March 12, 2019, counsel for Defendant admitted that the wrong Proposed Protective Order was filed with the Court, and agreed to re-file the correct one. To date, the correct Proposed Protective Order has not been filed. *See* E-mail, attached hereto as Exhibit 4.

On March 15, 2019, counsel for Plaintiff e-mailed counsel for Defendant again and stated that, "[c]onsidering our agreed upon delay in matters this week, I will give you until next Friday, March 22, to produce documents responsive to the request[s] below before filing a motion to compel." *See id*. Yet again, counsel for Defendant did not respond.

Thus, no documents responsive to Plaintiff's First Requests for Production Nos. 6, 7, 8, 9, 10, and 20 have been produced to date and counsel for Defendant has ignored each and every attempt counsel for Plaintiff has made to address this ongoing discovery dispute.

### III.    ARGUMENT AND CITATION OF AUTHORITY

#### A. DEFENDANT HAS WILLFULLY IGNORED PLAINTIFF'S DISCOVERY REQUESTS AND INTENTIONALLY THWARTED LEGITIMATE DISCOVERY.

Federal Rule of Evidence 37(a)(3)(B) authorizes a motion to compel when, "a party fails to produce documents... or fails to permit inspection...as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iv). As set forth above, Defendant has failed to timely produce documents responsive to Plaintiff's First Requests for Production Nos. 6, 7, 8, 9, 10, and 20, and has ignored all of Plaintiff counsel's efforts to resolve this discovery dispute without Court intervention.

Plaintiff has been waiting for approximately *five (5) months* for Defendant to produce these relevant documents.[7] During this time, Plaintiff's efforts to obtain this discovery have been met with delay, obstruction, and silence. There is no excuse for Defendant's willful disregard for the Federal Rules of Evidence in this manner. Even though the relevant information requested by Plaintiff is likely damaging to Defendant's case, it does not excuse Defendant deliberately ignoring the rules of discovery. Stonewalling and intentional attempts to thwart legitimate discovery, as

---

[7] According to the Scheduling Order [ECF #10], the last day to serve discovery requests is April 19, 2019.

Defendant has repeatedly done so here, should not be tolerated. Therefore, according to Fed. R. Civ. P. 37, Plaintiff's Motion to Compel must be granted.

Furthermore, under Fed. R. Civ. P. 37 (a)(5)(A), "if a motion [to compel] is granted...<u>the court *must*</u>, after giving an opportunity to be heard, <u>require the party or deponent whose conduct necessitated the motion, the party or attorney advising the conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees</u>." (emphasis added). Therefore, Plaintiff requests that upon granting the present Motion to Compel, Plaintiff be awarded his reasonable expenses incurred in making this Motion, including his attorney's fees.

## IV. CONCLUSION

**WHEREFORE**, for the foregoing reasons, and pursuant to Fed. R. Civ. P. 37, Plaintiff respectfully request that the Court:

a) Grant his Motion to Compel;

b) Order Defendant to produce all documents responsive to Plaintiff's Requests for Production Nos. 6, 7, 8, 9, 10, and 20; and

c) Order Defendant and/or Defense Counsel to pay Plaintiff's reasonable costs and attorney's fees in bringing this Motion to Compel.

**JOSHUA M. SETTLE**
**By Counsel**

/s/Russell A. Williams
Russell A. Williams (WV State Bar # 12710)
Eric J. Buckner (WV State Bar # 9578)
Katz, Kantor, Stonestreet & Buckner, PLLC
112 Capitol Street, Suite 100
Charleston, WV 25301
(304) 431-4053
rwilliams@kksblaw.com
ebuckner@kksblaw.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## CHARLESTON DIVISION

| | |
|---|---|
| JOSHUA M. SETTLE, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Civil Action No. 2:18-cv-01177 |
| | ) |
| NATHAN SCOTT STEPP, | ) |
| **Individually as a member of the** | ) |
| **West Virginia State Police,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

### CERTIFICATE OF SERVICE

I, Russell A. Williams, do hereby certify that on this the 21st day of March, 2019, I electronically filed this **"Plaintiff's Motion to Compel Discovery Responses"** through the ECF system to the following:

Gary E. Pullin, Esq.
Pullin, Fowler, Flanagan, Brown & Poe, PLLC
JamesMark Building
901 Quarrier Street
Charleston, West Virginia 25301
*Counsel for Defendant Nathan Scott Stepp*

                                            **/s/Russell A. Williams**
                                            Russell A. Williams, WVSB 12710