**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| **JOSHUA M. SETTLE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 2:18-cv-01177** |
| | ) | |
| **NATHAN SCOTT STEPP,** | ) | |
| **Individually as a member of the** | ) | |
| **West Virginia State Police,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**PLAINTIFF'S FIRST INTERROGATORIES, REQUESTS FOR PRODUCTION, AND
REQUESTS FOR ADMISSIONS TO DEFENDANT NATHAN SCOTT STEPP**

**COMES NOW**, Plaintiff Joshua M. Settle ("Plaintiff"), by counsel and, pursuant to Rules 33, 34, and 36 of the Federal Rules of Civil Procedure, hereby propounds the following First Interrogatories, Requests for Production, and Requests for Admissions on Defendant Nathan Scott Stepp ("Defendant" or "You").

**INSTRUCTIONS & DEFINITIONS**

A.    Each Interrogatory is to be separately answered by the Defendant.

B.    When an exact answer to an Interrogatory is not known, state the best estimate available, state that it is an estimate and state the basis for such estimate.

C.    If an Interrogatory is deemed to require the disclosure of privileged information, state the nature of the privilege claimed, describe the subject to which the claim of privilege is related and identify any documents as to which the privilege is claimed.

D.    As used herein, the term "document" shall mean each and every writing, including, but not limited to, records, letters, telegrams, notes, complaints, reports,

**EXHIBIT 1**

memoranda, notes, memoranda, telephone call slips, computer printouts, pamphlets, photographs, recordings, faxes and other data compilations, however produced or reproduced, within Defendant, or Defendant's counsel control or custody or known to Defendant, or Defendant's counsel or a representative or agent of either and shall include every copy of a document where such copy is not identical to the original or any other copy that is identified.

E.    As used herein, the word "identify" means:

    1.    In reference to a document, to state the nature of the document (letter, report, memoranda, etc.); its author; its date; the name, number or phrase or other means by which the document is known or specifically identified; and the name and address of its present custodian;

    2.    In reference to a person, to state the name, business and residence address telephone number, employer of such person and his or her title or position;

    3.    In reference to a conversation or oral statement, to state the date, time and place of the conversation or oral statement; the specific subject matter; to identify as set forth in subparagraph 2 above every participant in or possible witness to such conversation or oral statement; and to identify as set forth in subparagraph 1 above all documents reflecting, regarding or referring to such conversation or oral statement.

F.    Defendant, may, instead of so identifying each document, produce such documents for inspection and copying by Plaintiffs provided that each document so produced is identified by the Interrogatory or Interrogatories to which it is responsive.

G.    When the "factual basis" for any statement, defense, claim, allegation, belief or conclusion is requested, Defendant shall state each and every fact upon which they or their attorneys rely in support thereof; identify each and every document, conversation or oral statement relating, regarding or referring thereto; identify each and every person with discoverable knowledge relating thereto and every other argument, item of testimony or item of evidence relied upon for substantiation thereof.

H.    The words "and" and "or" shall be construed disjunctively or conjunctively as necessary to make each request inclusive rather than exclusive.  As used herein, words written in the singular include the plural and vice versa; words in the masculine include the feminine; words in the present, past or future tense are to be construed as comprehending all three (3) tenses.

I.    For any requested document that you claim to be protected by privilege or immunity, state as to each such document the privilege or immunity asserted and the following information:

a.    the author(s);

b.    the recipient(s) (including those copied);

c.    the date;

d.    the subject matter of the document; and

e.    the basis for the claim of privilege or immunity.

J.    If documents responsive to a particular request no longer exist, but are known to have been in existence, state the circumstances under which they were lost or destroyed, describe the documents to the fullest extent possible, state the request(s)

to which they are responsive and identify any persons having knowledge of the content of such documents.

K.   If your answer to any request for admission is other than an unqualified admission, please state the facts in support of your denial or partial denial thereof and identify each and every document and oral communication to support such denial.   To simply deny a request is not a sufficient answer under the Federal Rules of Civil Procedure.   Each matter shall be deemed admitted unless, within thirty days after service of the request, or within such shorter or longer time as the court may allow or as the parties may agree to in writing, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, with the reasons for any such objection being stated.

## INTERROGATORIES

1.   **Please state your full name and any other names by which you have been known; your date of birth; your place of birth; and your current residential and mailing address, residential and mailing address at the time of the incident alleged in the Complaint, and all residential and mailing addresses for the past five (5) years, setting forth the date Defendant lived at each address and the name of every person who resided with Defendant at said address, including those persons' present whereabouts.**

ANSWER:

2.   **Please state the extent of your education (i.e. primary school, secondary school, university, professional or trade school, etc.) including the number of years Defendant**

attended each, whether the course was finished, the diplomas, degrees, certificates awarded, etc.

ANSWER:

    3.    For the last ten (10) years, please list all of your employers and dates of employment, including the address, telephone number, and your job title.

ANSWER:

    4.    Identify by name, rank, and station or detachment your supervising and/or commanding officer(s) for the last five (5) years, identifying the years each individual was your supervising and/or commanding officer.

ANSWER:

    5.    Have you ever been suspended or placed on leave from the WV State Police? If so, for each such instance, please state: (a) when you were suspended or placed on leave; (b) if you were placed on leave, what type of leave (*e.g.*, without pay, administrative, military, etc.); (c) when the suspension/leave ended; and (d) a detailed description of the reasons for said suspension/leave.

ANSWER:

    6.    Please state whether you have been a party in any other civil action in the past ten (10) years and, if so, for each civil action, please state: (a) the date the action was filed; (b) nature of the action; (c) the name of the court, case style, and case number; and (d) the disposition of the action.

ANSWER:

7.      Please identity any and all prior complaints (written or otherwise) of excessive force against you while employed as a police officer and/or West Virginia State Trooper, and for each such complaint, identify:

     a)  The date, time, and location of the event(s) giving rise to the complaint;

     b)  The name, last known address, and telephone number of the complaining individual(s);

     c)  A description of the events giving rise to the complaint;

     d)  Whether an investigation (by your employer or any other law enforcement or investigative agency) was conducted and if so, by whom;

     e)  Whether the complaint resulted in you being suspended or placed on leave (identifying which);

     f)  Whether a civil action was filed against you arising out of said complaint; and

     g)  Whether a criminal investigation was launched and/or criminal charges were brought against you arising out of said complaint (identifying which or both).

ANSWER:

8.      Have you ever been the subject of a criminal investigation?  If so, please state: (a) what agency (state and/or federal) conducted the investigation; (b) when you were notified you were under investigation and by whom; (c) the name, address, and telephone number of any and/all investigators or agency officials who have contacted you pursuant to said investigation; (d) what you are being investigated for; and (e) a description of the circumstances or events giving rise to said investigation.

ANSWER:

9.      Please identify any and all internal/criminal investigations by the West Virginia State Police into you or your conduct since the beginning of your employment as a West Virginia State Trooper.  This includes any currently pending investigations.  For each, please include: (a) when you were notified you were under investigation and by whom; (b) the name, address, and telephone number of any and/all investigators or officials who contacted you; (c) what you were being investigated for; (d) a description of the circumstances or events giving rise to said investigation; and (e) the outcome of the investigation.

ANSWER:

10.      Have you ever testified in a deposition, hearing, or trial (civil or criminal) pertaining to the propriety of your conduct as a West Virginia State Trooper?  If so, please identify the name of the court, the style of the case, and the case number for any such deposition, hearing, or trial.

ANSWER:

11.      If Defendant maintains that he did not inflict the injuries described in paragraphs Nos. 56 and 57 of the Complaint, please explain who or what caused Plaintiff to suffer these injuries, specifically but not limited to, how Plaintiff received multiple lacerations to the *back* of his head that required staples to close.

ANSWER:

12.      Please describe in detail how the blood on your hands and arms (shown in the photographs on pages 6 and 7 of the Compliant) got there.

ANSWER:

13.    Please describe in detail how the blood on the pavement and along the side of the road (shown in the photographs on page 10) got there.

ANSWER:

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.    Please produce all documents or other tangible things reviewed or relied on in responding to the above interrogatories.

RESPONSE:

2.    Please produce a complete copy of the incident report and the entire criminal and/or investigative file for the traffic stop, detainment, and arrest of Plaintiff as described in the Complaint.  Please include all documents, audio statements, videos, photographs (including, but not limited to, mug shots), and all other tangible evidence pertaining to the detainment and arrest of Plaintiff.

RESPONSE:

3.    Please produce a complete copy of the West Virginia State Police handbook and/or manual containing department policies and procedures.

RESPONSE:

4.    Please produce any and all West Virginia State Police training manuals or other training materials (used at the West Virginia State Police Academy or otherwise) pertaining in any way to the use of force.

RESPONSE:

5.    Please produce any and all West Virginia State Police policies, guidelines, protocols, or regulations pertaining in any way to the use of force.

- 8 -

RESPONSE:

      **6.    Please produce a complete employee and/or personnel file for Defendant. This request is subject to entry of an appropriate protective order.**

RESPONSE:

      **7.    Please produce any and all documents (including supporting documentation, like photographs, audio statements, or videos) referring or relating to evaluations, promotions, demotions, or disciplinary actions (including suspensions or leaves) of Defendant as a West Virginia State Police officer in the last ten (10) years.**

RESPONSE:

      **8.    Please produce all written complaints or allegations of excessive force or other impropriety (including any supporting documentation, including audio files, photographs, or videos) levied against you in your capacity as a West Virginia State Trooper in the last ten (10) years.**

RESPONSE:

      **9.    Please produce any and all documents (including any supporting documentation, including audio files, photographs, or videos) referring or relating to any criminal investigation by any state, federal, or other entity into your conduct as a West Virginia State Trooper in the last ten (10) years.**

RESPONSE:

      **10.    Please produce a complete copy of any and all Criminal Investigation Reports (including any supporting documentation, including audio files, photographs, or videos) pertaining in any way to the propriety of your conduct as a West Virginia State Trooper.**

RESPONSE:

11.    Please produce a copy of any dash camera or body camera video footage from April 19, 2017 depicting Plaintiff, his detainment, or arrest.

RESPONSE:

12.    Please produce any and/or all written communications, including but not limited to e-mails, letters, notes, memos, audio transcriptions, logs, dispatches, etc. between or among you any other employee or agent of the West Virginia State Police referring or relating to Plaintiff or the incidents described in the Complaint.

RESPONSE:

13.    Please produce all recorded communications, including but not limited to, statements, phone calls, dispatches, etc. referring or relating to Plaintiff or the incidents described in the Complaint.

RESPONSE:

14.    Please produce all documents or other tangible things in your possession referring or relating to Plaintiff or the incidents described in the Complaint.

RESPONSE:

15.    Please produce all photographs or videos referring or relating to Plaintiff or the incidents described in the Complaint.

RESPONSE:

16.    Please produce a copy of the curriculum vitae of any and all expert witnesses that you have consulted or retained in this case.

RESPONSE:

17.    Please produce any and all reports prepared by said expert(s) pertaining to this case, all documents or other evidence relied upon by said expert, all documents

produced or created by said expert in connection with this case, all documents reviewed by said expert in connection with this case, and any other document or tangible thing relied upon by said expert in forming his or her opinions in this case.

RESPONSE:

18.    Please produce copies of any and all civil claims, legal complaints, or lawsuits which have been filed against you in the last ten (10) years.

RESPONSE:

19.    Please produce copies of any and all criminal processes (*e.g.*, complaints, indictments, subpoenas, etc.) that have been issued to or against you in the past ten (10) years relating in any way to the propriety of your conduct as a West Virginia State Police Trooper.

RESPONSE:

20.    Please produce copies of any and all documents contained in the employee personnel file of Defendant from any prior employers, and/or any investigative or disciplinary file, from the same place.

RESPONSE:

21.    Please produce a copy of any and all documentation that you intend to use at trial.

RESPONSE:

22.    Please produce a copy of any and all statements (written or recorded) from any persons regarding the allegations that are the subject of Plaintiff's Complaint.

RESPONSE:

23.    Please produce a copy of any grand jury transcript, deposition transcript, or trial transcript containing testimony given by you in any civil or criminal matter pertaining in any way to the propriety of your conduct as a West Virginia State Trooper.

RESPONSE:

24.    Please produce a copy of any internal West Virginia State Police memoranda regarding the West Virginia State Police's excessive force policies or procedures in the last ten (10) years.

RESPONSE:

25.    Please produce a copy of any written communications (including but not limited to, e-mail, letters, memos, etc.) between or among you or any other employee or agent of the West Virginia State Police regarding the West Virginia State Police's excessive force policies or procedures.

RESPONSE:

26.    Please produce a copy of all West Virginia State Police policies, procedures, and/or manuals pertaining to West Virginia State Troopers being placed on "military leave."

RESPONSE:

27.    Please produce all documents pertaining to each and every instance of you being placed on "military leave" from the West Virginia State Police.

RESPONSE:

## REQUESTS FOR ADMISSIONS

1.      Admit that when you approached Plaintiff's vehicle, he showed you his hands.

ANSWER:

2.      Admit that Plaintiff was unarmed.

ANSWER:

3.      Admit that no weapon was found in Plaintiff's vehicle.

ANSWER:

4.      Admit that when you pulled Plaintiff from his vehicle, there was no blood on his head, face or neck.

ANSWER:

5.      Admit that when you pulled Plaintiff from his vehicle, there were no cuts or lacerations on his head, face, or neck.

ANSWER:

6.      Admit that when you pulled Plaintiff from his vehicle, there was no blood on his clothing.

ANSWER:

7.      Admit that there was no damage to the driver's side windshield of Plaintiff's vehicle involved in the incident described in the Complaint.

ANSWER:

8.      Admit that your left wrist was handcuffed to Plaintiff's left wrist while you pepper sprayed him.

ANSWER:

- 13 -

9.      Admit that during the detainment of Plaintiff, he asked you to put him in your West Virginia State Police vehicle.

ANSWER:

10.     Admit that during the detainment of Plaintiff, he asked you several times to put him in your West Virginia State Police vehicle.

ANSWER:

11.     Admit that while detaining Plaintiff, you told him, "you move again, I'll break your finger."

ANSWER:

12.     Admit that while Plaintiff was on the ground, you told him, "understand me, I will shoot you."

ANSWER:

13.     Admit that while pepper spraying Plaintiff, he told he could not breathe.

ANSWER:

14.     Admit that while pepper spraying Plaintiff, he told you, "I'm not fighting you."

ANSWER:

15.     Admit that Plaintiff told you, "you're cutting me," referring to his left wrist which was handcuffed to your left wrist.

ANSWER:

16.     Admit that you told Plaintiff, "you're cutting my hand too, it's fine."

ANSWER:

17.     Admit that Plaintiff told you, "officer you're hurting me."

- 14 -

ANSWER:

    **18.**     **Admit that you beat Plaintiff with your baton/night stick.**

ANSWER:

    **19.**     **Admit that your left wrist was handcuffed to Plaintiff's left wrist while you beat him with your baton/night stick.**

ANSWER:

    **20.**     **Admit that during the beating of Plaintiff, he asked you to put him in your West Virginia State Police vehicle.**

ANSWER:

    **21.**     **Admit that during the beating of Plaintiff, he asked you several times to put him in your West Virginia State Police vehicle.**

ANSWER:

    **22.**     **Admit that during the beating, Plaintiff ask you, "please...don't beat me no more."**

ANSWER:

    **23.**     **Admit that you told Plaintiff, "we are going to fight."**

ANSWER:

    **24.**     **Admit that Plaintiff responded, "no we're not...I'm bleeding to death."**

ANSWER:

    **25.**     **Admit that during the beating, Plaintiff asked you to "please quit."**

ANSWER:

    **26.**     **Admit that Plaintiff said "quit beating me."**

ANSWER:

27.     Admit that during the beating, Plaintiff said, "I'm pooling blood."

ANSWER:

28.     Admit that Plaintiff asked you, "don't beat me in the head no more."

ANSWER:

29.     Admit that after the beating, Plaintiff said, "please don't hit me no more."

ANSWER:

30.     Admit that after the beating, Plaintiff said, "please, no more."

ANSWER:

31.     Admit that after the beating, you told Plaintiff, "man to man, we're done…man to man, we're done, alright?"

ANSWER:

32.     Admit that after the beating, Plaintiff asked you, "no more of this?"

ANSWER:

33.     Admit that after the beating, you told Plaintiff, "no more of this."

ANSWER:

34.     Admit that after the beating, Plaintiff asked you, "no more hitting me?"

ANSWER:

35.     Admit that after the beating, you told Plaintiff, "I'm so sorry, straight up, alright?"

ANSWER:

**JOSHUA M. SETTLE**
**By Counsel**

/s/Russell A. Williams
Eric J. Buckner (WV State Bar # 9578)
Russell A. Williams (WV State Bar # 12710)
Katz, Kantor, Stonestreet & Buckner, PLLC
112 Capitol Street, Suite 100
Charleston, WV  25301
(304) 431-4053
rwilliams@kksblaw.com

- 17 -

### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
### CHARLESTON DIVISION

**JOSHUA M. SETTLE,**                                 )
                                                       )
     **Plaintiff,**                               )
                                                       )
**v.**                                                 )     **Civil Action No. 2:18-cv-01177**
                                                       )
**NATHAN SCOTT STEPP,**                                )
**Individually as a member of the**                    )
**West Virginia State Police,**                        )
                                                       )
     **Defendant.**                               )
                                                       )

## CERTIFICATE OF SERVICE

I, Russell A. Williams, do hereby certify that on this the 17th day of September, 2018, I electronically filed this Certificate of Service for **"Plaintiff's First Interrogatories, Requests for Production, and Requests for Admissions to Defendant Nathan Scott Stepp"** through the ECF system and the complete discovery documents were mailed via U. S. Mail to the following:

> Gary E. Pullin, Esq.
> Pullin, Fowler, Flanagan, Brown & Poe, PLLC
> JamesMark Building
> 901 Quarrier Street
> Charleston, West Virginia 25301
> *Counsel for Defendant Nathan Scott Stepp*

                             **/s/Russell A. Williams**
                             Russell A. Williams, WVSB 12710