# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# CHARLESTON DIVISION

| | |
|---|---|
| JOSHUA M. SETTLE, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. 2:18-cv-01177 |
| ) | Honorable Judge Copenhaver |
| NATHAN SCOTT STEPP, ) | |
| Individually as a member of the ) | |
| West Virginia State Police, ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO EXCLUDE DR. BAUER AS A REBUTTAL EXPERT

**NOW COMES**, Plaintiff Joshua M. Settle (hereinafter "Plaintiff"), through the undersigned counsel, and files his Response to Defendant's Motion to Exclude Dr. Bauer as a Rebuttal Expert as follows:

## STATEMENT OF FACTS

This is a police brutality case against Nathan Scott Stepp ("Defendant"), a West Virginia State Trooper based in Roane County, West Virginia. Defendant has long history violence and using excessive force in his capacity as a West Virginia State Trooper. On the evening of April 19, 2017, Defendant violently beat Plaintiff after he attempted to flee in his vehicle when Defendant tried to pull him over for a moving violation. *See* Complaint, ¶¶ 10-46 [ECF #1]; see also Plaintiff's Motion to Compel, pp. 1-2 [ECF #32].

## ARGUMENT AND CITATION OF AUTHORITY

In the present Motion, Defendant maintains that Plaintiff's rebuttal expert, Dr. Bauer, should be excluded from testifying at trial because: (1) the disclosure of Dr. Bauer does not comply

with Fed. R. Civ. P. 26(a)(2)(B) and (2) Dr. Bauer is not a proper rebuttal expert. Both of these arguments are erroneous and devoid of merit.

### A. The Disclosure of Dr. Bauer's Completed Rebuttal Expert Report is Harmless Error Under Fed. R. Civ. P. 37(c)(1)[1]

Pursuant to Fed. R. Civ. P. 37(c)(1), if a party fails to provide information required by Fed. R. Civ. P. 26(a), the party is prohibited from using said information, unless the failure to do so was "substantially justified or is harmless." In determining whether such nondisclosure is substantially justified or harmless, district courts in the Fourth Circuit are instructed to consider the following factors: (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt trial; (4) the importance of the evidence, and (5) the nodisclosing party's explanation for its failure to disclose the evidence. *See Southern States Rack and Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003); *Wilkins v. Montgomery*, 751 F.3d 214, 222 (4th Cir. 2014). Factors (1) through (4) "relate to the harmlessness exception," while factor (5) "relates primarily to the substantial justification exception." *Billings v. Lowe's Home Ctrs., LLC*, 2019 U.S. Dist. LEXIS 69494, *7 (S.D. W.Va., April 24, 2019).

In the present case, numbers (1) through (4) of the *Southern States* factors weigh heavily in favor of the late disclosure of Dr. Bauer's rebuttal expert report as being "harmless error."

In accordance with the Scheduling Order entered by the Court in the matter, on May 20, 2019, Plaintiff filed his Rebuttal Expert Witness Disclosure [ECF #57]. *See* Rebuttal Expert Witness Disclosure, attached hereto as Exhibit 1. In this disclosure, Plaintiff identifies the general substance of Dr. Bauer's opinions, provides a copy of his CV, and states that, "Dr. Bauer is

---

[1] Dr. Bauer's analysis of this matter is nearly complete, and counsel stipulates that his full rebuttal report will be produced no later than August 23, 2019.

presently completing his analysis and will provide a full disclosure, including a full rebuttal expert report, shortly." *See id*. at p. 2.

On May 31, 2019, the Court entered an Order extending the discovery deadlines in this case [ECF #66]. Under these new deadlines, discovery does not close until September 20, 2019 and trial is scheduled for January 28, 2020.

### 1. *Factor #1: Dr. Baur's Rebuttal Expert Report Will Not "Surprise" Defendant*

In Plaintiff's Rebuttal Expert Witness Disclosure, Plaintiff discloses Dr. Bauer and provides a general summary of his opinions. Specifically, Plaintiff states that, "Dr. Bauer will offer opinions regarding: (1) the cause of Plaintiff's headwounds and (2) the biomechanics of Defendant's claim that Plaintiff attempted to disarm him." *See* Ex. 1 at p. 2. Thus, Defendant has been put on notice that Plaintiff plans to call Dr. Bauer as a rebuttal expert witness at trial and what the substance of his opinions will be.

### 2. *Factor #2: Defendant Has The Ability To "Cure" Any Surprise*

Even if Defendant is surprised by the substance of Dr. Bauer's report (which will be disclosed on or before August 23, 2019), he will have ample time to "cure" any such surprise. Discovery in this matter does not close until September 20, 2019. Thus, there is ample time for Defendant to depose Dr. Bauer and cross examine him on the substance and basis of his opinions before the close of discovery. It bears mentioning that Defendant has not requested the deposition of Plaintiff's other disclosed expert, Roy Taylor, to date. Thus, expert depositions have not yet begun in this matter. Furthermore, Plaintiff is willing to stipulate that Dr. Bauer will be made available for a deposition any time before the beginning to trial to further cure any purported "surprise" as a result of his rebuttal report.

### *3. Factor #3: Dr. Bauer's Rebuttal Expert Report Will Not "Disrupt Trial"*

This case will not be tried until January 28, 2020. Thus, the disclosure of Dr. Bauer's rebuttal expert report on or before August 23, 2019 will not "disrupt" trial in this matter.

### *4. Factor #4: Dr. Bauer's Opinions Are "Important" Rebuttal Evidence*

Dr. Bauer's opinions are important evidence, necessary to rebut the opinions of Defendant's expert witnesses. *See* Defendant's Rule 26(a)(2) Disclosures, attached hereto as Exhibit 2. The opinions of Defendant's expert witnesses, that Defendant's brutally violent actions were "reasonable" and "justified," hinge largely on the false narrative that Plaintiff attempted to disarm Defendant. *See id*. If Defendant offers these opinions during his defense at trial, it is essential that Plaintiff rebut this false "attempt to disarm" narrative with the rebuttal opinions and analysis of Dr. Bauer, which will establish that: (1) Plaintiff's head injuries were not sustained while he attempted to disarm Defendant, as alleged and (2) the biomechanics of the incident (*e.g.*, the positioning and movements of the parties, Plaintiff's handcuffed left hand being pulled around by Defendant's left hand, the location of Defendant's holstered gun on his left side, etc.) make Defendant's "attempt to disarm" story implausible at best.

For the foregoing reasons, the disclosure of Dr. Bauer's rebuttal expert report is harmless error under Fed. R. Civ. P. 37(c)(1).

### **B. Dr. Bauer Is A Proper Rebuttal Expert Under Rule 26**

Defendant's arguments that Dr. Bauer is not a proper rebuttal expert under Rule 26 are baseless. Defendant first alleges that Dr. Bauer's opinions regarding the cause of Plaintiff's headwounds is not disputed by Defendant's experts or any other witness, and is thus "irrelevant." *See* Defendant's Motion, p. 6-7. This argument is factually incorrect. In his responses to Plaintiff's written discovery, Defendant has suggested that some of Plaintiff's head injuries may have been

caused by contact with the pavement while Plaintiff "struggled" with Defendant in an attempt to disarm him. On the contrary, Plaintiff mains that no "struggle" for Defendant's gun occurred and that the wounds to his head were caused solely by being struck with Defendant's baton, without proper cause. Thus, Dr. Bauer's opinion that Plaintiff's headwounds were not caused by contact with the pavement is not "irrelevant" and does indeed rebut evidence that may be presented by Defendant or his expert witnesses at trial. r

Moreover, Dr. Bauer's opinions regarding the "cause" of Plaintiff's head wounds not only goes to what hard surface created the injuries (*i.e.*, Defendant's baton, not the pavement), but also the direction of the striking motions that "caused" the injuries to specific parts of Plaintiff's head. Defendant and his expert witnesses claim that Plaintiff was struck in the head while struggling for Defendant's gun. Dr. Bauer's opinions, on the other hand, based on the location of the lacerations on Plaintiff's head, will contest that theory. Thus, his opinions regarding the cause of Plaintiff's head wounds are not "irrelevant" and will rebut evidence that may be presented by Defendant or his experts at trial.

Finally, Defendant argues that Dr. Bauer's opinion's regarding the "biomechanics" of Defendant's claim that Plaintiff attempted to disarm him are improper, because they will serve to support Plaintiff's case-in-chief and not rebut the opinions of Defendant's expert witnesses. *See* Defendant's Motion, p. 7. Defendant argues that his "attempt to disarm" defense "is not new, and Plaintiff had plenty of time to address it." *Id.* Defendant's argument is flawed, because it puts an improper burden on Plaintiff to anticipate each and every defense or argument Defendant might make, and address them all in Plaintiff's case-in-chief, otherwise be prohibited from doing so on rebuttal.

In *Peabody v. Perry Township*, 2013 U.S. Dist. LEXIS 6089 (S.D. Ohio, Jan. 15, 2013), the court addressed an analogous situation to the one presented here. In *Peabody*, a police use of force case, plaintiffs' initial expert opined that the officer's use of his Taser, after which the plaintiff fell from a fence and was injured, was unreasonable and unnecessary. *See id*. The defendants' responsive expert opined that the officer's use of the Taser was reasonable, that the Taser was deployed before the plaintiff was at a dangerous elevation on the fence, and, further, that the loose-fitting clothes worn by the plaintiff caused the Taser probs to malfunction and not make contact with the plaintiff's skin, rendering the Taser ineffective. *See id*. at *3. Following the submission of the defendants' expert report, plaintiffs retained a rebuttal expert to rebut the opinions of defendants' expert pertaining to the alleged malfunctioning Taser probes. *See id*. *4.

As in the present Motion, the defendants in *Peabody* argued that plaintiffs' rebuttal expert report "is not in response to any new or unanticipated opinions in the report of [defendants'] responsive expert and it does not offer true rebuttal expert testimony within the meaning of Rule 26(a)(2)(D)(ii)..." *Id*. at *2. However, the court in *Peabody* ruled in favor of the plaintiffs and held that, "[a]lthough plaintiffs were aware that [the officer] maintains he discharged his Taser before [plaintiff] was at a dangerously elevated position on the fence, <u>plaintiffs were not required to anticipate and refute any and all theories</u> as to possible causes of the Taser's malfunction." *Id*. at * 10 (emphasis added). The court further held that, "[d]efendants' expert has presented his opinion as to how and why the Taser malfunctioned, and plaintiffs are entitled to present expert testimony rebutting that testimony." *Id*.

As in *Peabody*, Plaintiff's initial use of force expert opined that Defendant's use of force was unjustified and unreasonable in various respects. *See* Plaintiff's Expert Witness Disclosure, attached hereto as <u>Exhibit 3</u>. Defendant's responsive experts opine that Defendant's action were

6

justified and reasonable, based largely on the allegation that Plaintiff attempted to disarm Defendant. *See* Ex. 2. Accordingly, as in *Peabody*, following Defendant's Expert Witness Disclosure, Plaintiff retained a rebuttal expert (Dr. Bauer) to rebut the allegation that Plaintiff attempted to disarm Defendant. *See* Ex. 1.

Therefore, as in *Peabody*, even though Plaintiff was aware that Defendant may falsely allege that Plaintiff attempted to disarm him to justify the brutal beating he inflicted on Plaintiff, Plaintiff is initially "not required to anticipate and refute any and all theories" Defendant may offer justifying his violent actions. *See* Peabody, 2013 U.S. Dist. LEXIS 6089 at *10. Instead, Plaintiff waited to see exactly what defenses/justifications would be offered in Defendant's Expert Witness Disclosure and sought to rebut them accordingly, as is his right to do under Fed. R. Civ. 26(a)(2)(D)(ii); *see also* Peabody, 2013 U.S. Dist. LEXIS 6089 at *10 ("[d]efendants' expert has presented his opinion as to how and why the Taser malfunctioned, and plaintiffs are entitled to present expert testimony rebutting that testimony").

## CONCLUSION

**WHEREFORE**, for the foregoing reasons, Defendant's Motion to exclude Dr. Bauer must be properly denied.

        **JOSHUA M. SETTLE**
        **By Counsel**

        /s/Russell A. Williams
        Russell A. Williams (WV State Bar # 12710)
        Eric J. Buckner (WV State Bar # 9578)
        Katz, Kantor, Stonestreet & Buckner, PLLC
        112 Capitol Street, Suite 100
        Charleston, WV 25301
        (304) 431-403
        rwilliams@kksblaw.com
        ebuckner@kksblaw.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## CHARLESTON DIVISION

| | |
|---|---|
| JOSHUA M. SETTLE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )     Civil Action No. 2:18-cv-01177 |
| | ) |
| NATHAN SCOTT STEPP, | ) |
| **Individually as a member of the** | ) |
| **West Virginia State Police,** | ) |
| | ) |
|     Defendant. | ) |

## **CERTIFICATE OF SERVICE**

I, Russell A. Williams, do hereby certify that on this the 2nd day of August, 2019, I electronically filed this **"Plaintiff's Response to Defendant's Motion to Exclude Dr. Bauer as a Rebuttal Expert"** through the ECF system to the following:

Wendy Greve, Esq.
Pullin, Fowler, Flanagan, Brown & Poe, PLLC
JamesMark Building
901 Quarrier Street
Charleston, West Virginia 25301
*Counsel for Defendant Nathan Scott Stepp*

                                                 **/s/Russell A. Williams**
                                                 Russell A. Williams, WVSB 12710