IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | | |
|---|---|---|
| JOSHUA M. SETTLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:18-cv-01177 |
| | ) | Honorable Judge Copenhaver |
| NATHAN SCOTT STEPP, | ) | |
| Individually as a member of the | ) | |
| West Virginia State Police, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFF'S EMERGENCY MOTION TO STAY DISCOVERY AND TRIAL**

**NOW COMES**, Plaintiff Joshua M. Settle (hereinafter "Plaintiff"), through the undersigned counsel, and files this Emergency Motion to Stay Discovery and Trial. In support thereof, Plaintiff states as follows:

**STATEMENT OF FACTS**

This is a police brutality case against Nathan Scott Stepp ("Defendant"), a West Virginia State Trooper based in Roane County, West Virginia. Defendant has a long, well-documented history of violence and using excessive force in his capacity as a West Virginia State Trooper. On the evening of April 19, 2017, Defendant violently beat Plaintiff after he attempted to flee in his vehicle when Defendant tried to pull him over for a moving violation. *See* Complaint, ¶¶ 10-46 [ECF #1]; *see also* Plaintiff's Motion to Compel, pp. 1-2 [ECF #32].

Defendant is involved in at least two other federal lawsuits stemming from his use of excessive force as a West Virginia State Trooper: *Bradley Cottrell v. Nathan Scott Stepp et al.*, United States District Court, for the Southern District of West Virginian (Charleston Division), Civil Action No. 2:18-cv-01281 ("*Cottrell*") and *Brad E. Proctor v. Nathan Scott Stepp et al.*,

United States District Court for the Southern District of West Virginia (Charleston Division), Civil Action No. 2:2019-cv-00432 ("*Proctor*").  In *Cottrell*, claims are brought against Defendant for the wrongful death of a mentally ill, elderly man that Defendant shot and killed in Roane County, West Virginia on September 6, 2016.  In *Proctor*, claims are brought against Defendant for using excessive force against a suspect that Defendant kicked, stomped, and punched while being arrested on January 18, 2018.

On August 14, 2019, Defendant was deposed in the *Cottrell* case.  During this deposition, the undersigned counsel learned *for the first time* that Defendant was being deployed with the West Virginia Army National Guard to Kuwait the following week and will be gone for a *year or more*.[1]  As of the filing of this Motion, neither Defendant, the West Virginia State Police, nor defense counsel have informed plaintiff's counsel or the Court of this fact, even though discovery in the above-captioned action does not close until September 20, 2018 and trial is scheduled for January 28, 2020.  Had this information not come to light during Defendant's deposition in *Cottrell*, Plaintiff and the Court would *still be unaware* that Defendant has left the country, not to return for a year or more.[2]

On July 31, 2019, Plaintiff appealed his criminal conviction in Calhoun County Circuit to the Supreme Court of Appeals of West Virginia.  *See* Notice of Appeal, attached hereto as Exhibit 1.  In his Notice of Appeal, Plaintiff maintains that the trial court committed reversable error by,

---

[1] https://www.wvgazettemail.com/news/middle-east-deployment-includes-more-than-wv-national-guard-soldiers/article_2a98ac35-d926-5c07-a3be-32eace843505.html

[2] Significantly, Defendant did not join the WV National Guard until 2017, in and around the time his legal troubles started.  Upon information and belief, having problem officers, like Defendant, join the National Guard is a well-worn tactic employed by the West Virginia State Police to delay civil proceedings, since National Guard members are required to be absent for long periods of time for training and are subject to long-term service deployments.

among other things, improperly instructing the jury on the law pertaining to a suspect's right to self-defense when faced with an excessive use of force by a police officer. *See id*.

## ARGUMENT AND CITATION OF AUTHORITY

Discovery and trial in this matter must be stayed because: (1) Defendant has left the county, making him unavailable for a deposition before the close of discovery and likewise unavailable for trial, (2) the result of Plaintiff's criminal appeal will, in all likelihood, drastically change the complexion of this case, including the legal defenses available to Defendant, and (3) absent a stay pending Plaintiff's criminal appeal, there is a substantial risk Plaintiff will suffer irreparable harm should the present civil action move forward.

### A. The Undisclosed Departure Of Defendant Has Severely Prejudiced Plaintiff's Case

By chance, plaintiff's counsel learned for the first time on August 14, 2019, during Defendant's deposition in *Cottrell*, that Defendant was, in a matter of days, deploying to Kuwait with the WV National Guard and would be gone for a year or more. This turn of events means that Defendant will not be available to be deposed before the close of discovery on September 20, 2019 and will be unavailable for trial on January 28, 2020.[3] Therefore, to prevent irreparably prejudicing Plaintiff's case, a stay of discovery and trial is required, so Plaintiff can take Defendant's deposition once he returns to West Virginia and so that Defendant can be present during trial (which will have to be rescheduled).

Defendant's undisclosed departure is the latest example of obstruction, delay, and flagrant disregard for the civil process on the part of Defendant in this case. Since neither plaintiff's counsel nor the Court have been officially informed of Defendant's departure, it is unclear when

---

[3] To date, the *only time period* where Defendant would be unavailable that plaintiff's counsel and the Court were made aware of was from April 2, 2019 to August 22, 2019. [*See* ECF #62 and #66].

3

Defendant planned on making this fact known. At the very least, he was prepared to wait until his deposition was requested before plaintiff's counsel would be informed of his unavailability for discovery purposes or for his upcoming trial. This arrogance and indifference to the civil process is inexcusable.

Furthermore, a named Defendant leaving the country for an extended period of time with no notice shows a shocking lack of candor not only to opposing counsel, but to the Court. Both plaintiff's counsel and the Court should have been informed *immediately* upon Defendant knowing when he was being deployed overseas. Defendant knew perfectly well that his deployment would disrupt the completion of discovery in this matter and his pending trial, yet he departed with no notice to opposing counsel or the Court. This is yet another example of Defendant, who is no stranger to excessive use of force incidents and brutalizing West Virginia citizens, acting as if he is above the law.

Therefore, for the foregoing reasons, Plaintiff's Motion to Stay Discovery and Trial must be granted in order to prevent prejudice to Plaintiff's case, and so that discovery can be completed and trial conducted once Defendant returns to West Virginia.

### B. **Plaintiff Is Entitled To A Stay Pending His Criminal Appeal**

Plaintiff is entitled to a stay of the present civil action, because the result of his criminal appeal will, in all likelihood, drastically change the complexion of this case. Defendant's primary argument in defense of his brutal beating of Plaintiff is that Plaintiff attempted to disarm him (which Plaintiff denies).[4] At his underlying criminal trial, Plaintiff was convicted of, among other

---

[4] Not only does Plaintiff deny he attempted to disarm Defendant, Plaintiff's rebuttal expert, Dr. Bauer, has conclusively debunked the allegation. *See* Plaintiff's Rebuttal Expert Report, attached hereto as Exhibit 2. Not only did Defendant lie to the grand jury to make his false claim believable – he testified that Plaintiff "unlatched" his holster, when in fact his holster did not even have a latch, but a rotating hood (which is specifically designed so suspects cannot open them) – Dr. Bauer determined based on the location of Plaintiff's head wounds and the likely body positioning of Plaintiff

4

things, attempting to disarm Defendant. As set forth in his Notice of Appeal, Plaintiff maintains that the trial court committed reversable error by improperly instructing the jury on the law pertaining to a suspect's right to self-defense when faced with an excessive use of force by a police officer. *See* Ex. 1.

Thus, because Defendant's primary argument (for summary judgment on qualified immunity grounds and at trial) – that Plaintiff was convicted of attempting to disarm him – will likely be rendered moot once Plaintiff's wrongful conviction is overturned, a stay pending appeal must be granted to avoid irreparable harm to Plaintiff.

### 1. The Standard For Motions To Stay Pending Appeal

"The factors generally considered with respect to a stay pending appeal are: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *See Daugherty v. Ocwen Loan Servicing*, 220 F. Supp. 3d 728, 729 (S.D. W. Va. 2016) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776, 107 S. Ct. 2113 (1987); *see also Ohio Valley Envtl. Coalition, Inc. v. U.S. Army Corps of Eng'rs*, 890 F. Supp. 2d 688, 690 (S.D. W. Va. 2012) (citing *Blackwelder Furniture Co. of Statesville v. Seilig Manufacturing Co.*, 550 F.2d 189 (4th Cir.) and *Long v. Robinson*, 432 F.2d 977, 979-80 (4th Cir. 1970)). These factors are "essentially independent" of one another and, thus, must be balanced by the court. *See Ohio Valley*, 890 F. Supp. 2d at 690 (quoting *Blackwelder Furniture*).

---

and Defendant (who were handcuffed together), that Plaintiff reaching and opening Defendant's holster was "highly improbably." *See id.*

### a. *Likelihood of Success on The Merits*

Plaintiff's appeal of his criminal conviction in state court is likely to succeed on the merits. As set forth in Plaintiff's Notice of Appeal filing, the trial court committed clear reversible error by refusing to instruct the jury that a suspect has a right of self-defense when faced with an excessive use of force from a police officer; the court likewise improperly limited defense counsel from arguing same in closing argument. *See* Ex. 1; *see also United States v. Ranaldson*, 386 F. App'x 419, 427 (4th Cir. 2010) (finding that "a limited right of self-defense does arise if the defendant presents evidence that the officer used excessive force in carrying out his official duties. A defendant who responds to an officer's use of excessive force with force reasonably necessary for self-protection under the circumstances has acted with justifiable and excusable cause") (quoting *United States v. Stotts*, 113 F.3d 493, 496 (4th Cir. 1997)).

In the present case, Defendant used excessive force on Plaintiff *immediately* upon coming into contact with him, buy pulling him from his vehicle by his face/chin and then placing him in a choke hold. *See* Ex. 2.[5] Defendant then proceeded to pepper spray Plaintiff in the face at close range while they were handcuffed together, even though Plaintiff repeatedly begged Defendant to just put him in Defendant's police car. *See id*. Furthermore, Defendant testified that he began beating Plaintiff with his baton *before* Plaintiff ever (allegedly) attempted to disarm him. *See* Ex. 1. Once the beating started, Plaintiff believed Defendant was going to kill him.[6]

Thus, because Defendant immediately used excessive and unreasonable force on Plaintiff and because he was beaten by Defendant without just cause, Plaintiff had a right of self-protection under the circumstances. *See Ranaldson*, 386 F. App'x at 427. Accordingly, since the trial court

---

[5] At that point, the only crime Plaintiff (who was unarmed) had committed was fleeing, which is a misdemeanor.

[6] "I felt like he was going to kill me." Deposition of Joshua Settle, p. 99:17, attached hereto as <u>Exhibit 3</u>.

erred in not instructing the jury on this matter of law, Plaintiff has a substantial likelihood of success on the merits of his criminal appeal.

### b. *Irreparable Harm To Plaintiff*

Absent a stay, there is considerable risk of irreparable harm to Plaintiff. Defendant's primary defense in this case is that Plaintiff (allegedly) attempted to disarm him. Now that Plaintiff has been wrongfully convicted of attempting to disarm Defendant, Defendant will surely file for summary judgment on qualified immunity grounds and argue that Plaintiff's criminal conviction for attempting to disarm unequivocally establishes that Defendant's use of force was "reasonable" under *Graham v. Connor*, 490 U.S. 386, 395 (1998). Even if Plaintiff does overcome summary judgment, Defendant will make the same argument at trial: that Plaintiff was convicted of attempting to disarm Defendant, thus Defendant's brutal beating of Plaintiff was justified.

Since there is a substantial likelihood that Plaintiff's wrongful conviction will be overturned on appeal, the present case should be stayed to avoid irreparable harm to Plaintiff. If Defendant is granted summary judgment on qualified immunity grounds based on Plaintiff's erroneous criminal conviction, and then his conviction is overturned on appeal, Plaintiff will suffer irreparable harm. The same can be said for an adverse verdict trial: if the jury returns a defense verdict based on the argument that Defendant's beating of Plaintiff was justified because Plaintiff was convicted of attempting to disarm him, and then Plaintiff's conviction is overturned on appeal, Plaintiff will likewise be irreparably harmed. In sum, to have Plaintiff lose his civil case based on a criminal conviction that is later overturned would result in a gross miscarriage of justice.

Therefore, the prudent course of action, which would prevent any irreparable harm to Plaintiff, is to stay the present case pending the outcome of Plaintiff's criminal appeal.

### c. *Substantial Injury To Defendant*

There is absolutely no risk of "substantial injury" to Defendant if the present action is stayed pending Plaintiff's criminal appeal. As set forth above, Defendant has left the country on military duty, rendering him unavailable to complete discovery (*i.e.*, his deposition) or to be present at trial. According to Defendant, he will be gone for a year, possibly more. As a result, this matter must be continued until Defendant is back in West Virginia to sit for his deposition and to appear at trial. Accordingly, a stay pending the outcome of Plaintiff's criminal appeal will not substantially injury Defendant, since he will be absent for at least a year anyway and this matter necessarily continued on those grounds.

### d. *Public Interest*

At its heart, this is a civil rights case. "The Fourth Amendment prohibits police officers from 'using excessive force to seize a free citizen.'" *Hupp v. Cook*, 2019 U.S App. LEXIS 22208, *21 (4th Cir., July 25, 2019) (quoting *Jones v. Buchanan*, 325 F.3d 520, 527 (4th Cir. 2003) (citing *Graham*). "Rather, police officers are constitutionally permitted to use only that force which is reasonable under the circumstances." *Id*. Therefore, there is a relevant public interest in ensuring that citizens who have their civil rights violated receive a fair trial and that police officers who use excessive force (as Defendant did here) are held accountable. A stay of the present case will guarantee that this public interest consideration is preserved, as opposed to having Plaintiff's civil rights case suffer irreparable, negative consequences should his erroneous criminal conviction later be overturned.

### CONCLUSION

**WHEREFORE**, for the foregoing reasons, Plaintiff respectfully request that his Motion to Stay Discovery and Trial be granted and that the Court:

a) Order that the above-captioned civil action be immediately stayed until such time as Defendant returns to West Virginia following his military deployment or Plaintiff's criminal appeal is decided, whichever occurs last;

b) Order that plaintiff's counsel and the Court be notified immediately upon Defendant's return to West Virginia following his military deployment; and

c) Order that once Defendant returns to West Virginia following his military deployment or Plaintiff's criminal appeal is decided, whichever occurs last, a scheduling conference be held for new deadlines to complete discovery and for a new trial date.

**JOSHUA M. SETTLE**
**By Counsel**

/s/Russell A. Williams_____
Russell A. Williams (WV State Bar # 12710)
Eric J. Buckner (WV State Bar # 9578)
Katz, Kantor, Stonestreet & Buckner, PLLC
112 Capitol Street, Suite 100
Charleston, WV  25301
(304) 431-403
rwilliams@kksblaw.com
ebuckner@kksblaw.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## CHARLESTON DIVISION

| | |
|---|---|
| JOSHUA M. SETTLE, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 2:18-cv-01177 |
| ) | |
| NATHAN SCOTT STEPP, ) | |
| **Individually as a member of the** ) | |
| **West Virginia State Police,** ) | |
| ) | |
|     Defendant. ) | |
| ) | |

## **CERTIFICATE OF SERVICE**

I, Russell A. Williams, do hereby certify that on this the 27th day of August, 2019, I electronically filed this **"Plaintiff's Emergency Motion to Stay Discovery and Trial"** through the ECF system and the complete disclosure documents were mailed via U. S. Mail to the following:

    Wendy Greve, Esq.
    Pullin, Fowler, Flanagan, Brown & Poe, PLLC
    JamesMark Building
    901 Quarrier Street
    Charleston, West Virginia 25301
    *Counsel for Defendant Nathan Scott Stepp*

                                            **/s/Russell A. Williams**
                                            Russell A. Williams, WVSB 12710