IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

**JOSHUA M. SETTLE,**

    **Plaintiff,**

v.                                                                 Civil Action No. 2:18-cv-01177

**NATHAN SCOTT STEPP,**
**Individually and as a member of the**
**West Virginia State Police,**
    **Defendant.**

## ORDER

This is an excessive force action brought pursuant to 42 U.S.C. § 1983 and West Virginia state law. (ECF No. 1.) Plaintiff Joshua M. Settle ("Plaintiff") alleges that Defendant Nathan Scott Stepp ("Defendant"), a West Virginia state trooper, beat him with a baton upon detaining him and attempted to cover it up. (*Id.*) Before this Court are Plaintiff's motion to compel (ECF No. 32) and Defendant's motions for protective order (ECF Nos. 30, 51). For the reasons explained more fully herein, Plaintiff's motion to compel (ECF No. 32) is **DENIED AS MOOT**. Defendant's motions for protective order (ECF Nos. 30, 51) are **GRANTED IN PART** and **DENIED IN PART**.[1]

---

[1] Plaintiff argues that the motions for protective order are improperly filed and should be styled as motions to quash the subpoenas. (ECF No. 35 at n.1; ECF No. 55 at 4 & n.2.) However, the district courts within the Fourth Circuit have not established a consistent approach to such motions. *Compare U.S. EEOC v. Bojangles' Rests., Inc.*, No. 5:16-CV-654-BO, 2017 WL 2889493, at *4 (E.D.N.C. July 6, 2017) (allowing party to challenge non-party subpoena via protective order), *with Eichenwald v. Rivello*, 321 F. Supp. 3d 562, 564 (D. Md. 2018) (requiring party to challenge non-party subpoena via motion to quash). The distinction is immaterial because it has no bearing on the final result.

A. *Plaintiff's Motion to Compel (ECF No. 32)*

Plaintiff seeks an order compelling Defendant to respond to six discovery requests from his First Set of Interrogatories, Requests for Production, and Requests for Admissions. (ECF No. 32 at 2–3.) Defendant responds that he has produced the requested documents and supplemented his responses to the other requests. (ECF No. 38 at 4.) Therefore, Defendant argues, the motion to compel is now moot. (*Id.*)

Plaintiff did not file a reply; however, the undersigned contacted the parties to inquire about the status of the requests. Plaintiff represented that he would withdraw the motion to compel but has not yet done so. As such, the motion to compel (ECF No. 32) is **DENIED AS MOOT**.

B. *Defendant's Motion for Protective Order (ECF No. 30)*

Defendant seeks an order prohibiting his employer, the West Virginia State Police ("WVSP"), from responding to a subpoena issued to it by Plaintiff on February 25, 2019. (ECF No. 31 at 2; *see* ECF No. 27.) The subpoena requests various documents in the possession of WVSP's Professional Standards Section that relate to Defendant. (ECF No. 27-2.) Defendant argues that the subpoena requests irrelevant information that has no bearing on the claims and defenses in this action. (ECF No. 31 at 5–13.) Of note, WVSP has not filed any objection to producing the information Plaintiff seeks.

Plaintiff responds that the public has a legal right to the information requested in the subpoena and that documentation of excessive force incidents involving the defendant officer are always discoverable in a § 1983 case. (ECF No. 35 at 6–9.) Defendant replies that Plaintiff is already in possession of the requested documents related to the incident alleged in the complaint

and that other allegations of excessive force against Defendant are not relevant because Plaintiff has not made claims against Defendant's employer. (ECF No. 40 at 1–3.)[2]

To the extent the subpoena requests information from WVSP that reflects prior excessive force incidents similar to the beating alleged in the complaint, that information is relevant to Plaintiff's claims. At the very least, the existence of other similar incidents involving Defendant could suggest that the use of force against Plaintiff was intentional. However, because Plaintiff has made no claims against Defendant in his official capacity or against WVSP, the relevance of some of the information requested by the subpoena is tangential at best. Accordingly, Defendant's motion for protective order (ECF No. 30) is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff is entitled only to information related to prior excessive force incidents involving allegations that Defendant beat a detained suspect.

C. *Defendant's Section Motion for Protective Order (ECF No. 51)*

Defendant also seeks an order prohibiting WVSP from responding to a subpoena issued to it by Plaintiff on April 12, 2019. (ECF No. 53 at 2–3; *see* ECF No. 46.) The subpoena includes ten requests for certain internal documents, recordings, and related communications. (ECF No. 46-2.) Defendant again argues that the requested information is not relevant to any claims or defenses in this case because Plaintiff has not brought any claims against WVSP. (ECF No. 53 at 6–7.) Of note, as with Defendant's first motion for protective order, WVSP has not filed an objection to producing the requested information.

1. *Requests #1, #2, and #3*

These requests seek copies of EPA-1, EPA-2, and EPA-3 forms referring to Defendant and related documents and communications. (ECF No. 46-2 at 1.) The parties represent that these

---

[2] Plaintiff moved to file a sur-reply, arguing that Defendant misrepresented various case law in his reply. (ECF No. 41.) That motion (ECF No. 41) is **DENIED AS MOOT**.

documents are essentially performance reviews. (ECF No. 53 at 8; ECF No. 55 at 6.) Defendant suggests that these documents may be contained within his personnel file, which has been produced to Plaintiff. (ECF No. 53 at 7 n.3.) However, he argues that the requested information is "generally not relevant, overly broad in scope, and not reasonably calculated to lead to the discovery of admissible evidence." (*Id.* at 9.)

Plaintiff responds that the information is relevant "not only to determine how the unlawful beating of Plaintiff affected Defendant's employment position at the WVSP (if at all), but also to determine what these records reveal about Defendant's similar and well-documented history of abuse and violence while on duty." (ECF No. 55 at 6.) Defendant replies that "[w]hether Defendant's job position, description, or expectation changed following this or any other incident, or the contents of his performance reviews have nothing to do with the merits of [Plaintiff's] claims." (ECF No. 60 at 3.)

WVSP's opinions of Defendant's performance are largely irrelevant to Plaintiff's claims against him. Whether "the unlawful beating of Plaintiff affected Defendant's employment position" has no bearing on the reasonableness of Defendant's use of force against Plaintiff, which is the principal issue in this action—Plaintiff has not brought claims against WVSP. However, to the extent EPA-1, EPA-2, or EPA-3 forms exist for the incident involving Plaintiff that is alleged in the complaint, Plaintiff is entitled to them. Defendant's motion for protective order is thus **GRANTED IN PART** and **DENIED IN PART** with respect to these requests.

  2. *Request #4*

This request seeks the WVSP Form 26 related to Plaintiff's arrest on April 19, 2017. (ECF No. 46-2 at 1.) The parties agree that employees of WVSP complete a Form 26 for on-the-job illness or injury. (ECF No. 53 at 9; ECF No. 55 at 7.) Defendant suggests that this document may

be contained within his personnel file, which was previously produced. (ECF No. 53 at 7 n.3.) However, he argues that the request is irrelevant, "overly broad and not reasonably calculated to lead to the discovery of admissible evidence." (*Id.*)

Plaintiff responds that the request is relevant because "Defendant claims Plaintiff committed 'battery' on him during the course of his arrest." (ECF No. 55 at 7.) The complaint alleges that Defendant "executed a criminal complaint bringing several false charges against Plaintiff, including . . . battery on an officer." (ECF No. 1 at 11.) Plaintiff brings a state-law "abuse of process" claim against Defendant arising from that criminal complaint. (*Id.* at 16–17.) Any injury to Defendant that formed the basis of the charge for battery on an officer is thus relevant to this claim. Accordingly, Plaintiff is entitled to the Form 26 for the incident alleged in the complaint, and Defendant's motion for protective order is **DENIED** with respect to this request. The parties are to treat the Form 26 as confidential pursuant to the protective order previously entered in this case. (ECF No. 50.)

    3. *Request #5*

This request seeks recordings "from the Spencer detachment of [WVSP] from April 19, 2017 at 11:00 p.m. until April 20, 2017 at 11:00 p.m." (ECF No. 46-2 at 1.) Defendant argues that the recordings are irrelevant because Plaintiff's complaint alleges that he "was taken to a local high school and airlifted to CAMC for treatment," not that he "was ever at the Spencer detachment." (ECF No. 53 at 9.)

Plaintiff responds that the recordings are relevant to his allegations that Defendant tried to cover up the excessive force incident by telling first responders that "Plaintiff's horrific injuries were caused by a motor vehicle accident." (ECF No. 55 at 7 & n.3.) However, the complaint contains no specific allegations about Defendant speaking with the detachment in an effort to

5

conceal the use of force. Plaintiff's concealment allegations not related to the criminal complaint filed against him state only that Defendant "radioed an ambulance" (ECF No. 1 at 7) and "falsely told medical first responders that Plaintiff's head injuries were caused by Plaintiff crashing his vehicle (*id.* at 11). Plaintiff has not sufficiently demonstrated the relevance of the recordings to his claims. Therefore, Defendant's motion for protective order is **GRANTED** with respect to this request.

> 4. *Requests #6, #7, #8, #9, and #10*

These requests seek copies of any WVSP Form 175 involving Defendant and related communications. (ECF No. 46-2 at 1–2.) The parties agree that a Form 175 is completed following a use of force incident. (ECF No. 53 at 10; ECF No. 55 at 8.) Defendant has agreed to produce the Form 175 and related information for the incident alleged in the complaint. (ECF No. 53 at 10.) However, he argues that information related to any other use of force incident is irrelevant. (*Id.*)

As the undersigned previously stated with respect to the requests that are the subject of the February 25, 2019 subpoena and Defendant's corresponding motion for protective order, other uses of force are relevant to Plaintiff's excessive force claims if they involve circumstances factually similar to those alleged in the complaint. Plaintiff is entitled to any Form 175 that alleges Defendant beat a detained suspect. Accordingly, Defendant's motion for protective order is **GRANTED IN PART** and **DENIED IN PART** with respect to these requests.

For the foregoing reasons, Plaintiff's motion to compel (ECF No. 32) is **DENIED AS MOOT**. Defendant's motions for protective order (ECF Nos. 30, 51) are **GRANTED IN PART** and **DENIED IN PART**. Defendant's requests for fees and costs associated with making the

motions are **DENIED**. In addition, Plaintiff's motion to file a sur-reply (ECF No. 41) is **DENIED AS MOOT**.

The Clerk of the Court is directed to transmit a copy to counsel of record.

Enter: August 30, 2019

Dwane L. Tinsley
United States Magistrate Judge