IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

| | |
|---|---|
| JOSHUA M. SETTLE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NATHAN SCOTT STEPP, )<br>Individually as a member of the )<br>West Virginia State Police, )<br>)<br>Defendant. ) | Civil Action No. 2:18-cv-01177<br>Judge John T. Copenhaver, Jr. |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S EMERGENCY MOTION TO STAY DISCOVERY AND TRIAL

**NOW COMES** the Defendant, Nathan Scott Stepp, by counsel, Wendy E. Greve, W. Austin Smith, and the law firm of Pullin, Fowler, Flanagan, Brown & Poe, PLLC and for his Response to Plaintiff's Emergency Motion to Stay Discovery and Trial:

At the outset we note that the basis for the stay is that Plaintiff has a pending appeal of his criminal convictions arising out of the incident underlying the instant civil rights action. Plaintiff filed his Notice of Appeal with the West Virginia Supreme Court of Appeals on July 31, 2019. (ECF No. 81-1). There is no "sudden emergency." Plaintiff waited until twenty-eight days after the appeal to file the instant Motion to Stay.

It was Plaintiff's counsel's strategic decision to not depose Trooper Stepp—despite knowing as early as June that Trooper Stepp would be deployed. (See June 3, 2019 email exchange attached hereto as **Exhibit 1**). Although Trooper Stepp testified at the criminal trial of the Plaintiff on the charges underlying the instant civil suit,

1

Plaintiff's counsel did not attend that trial nor, upon information and belief, has he even obtained the transcript of Trooper Stepp's testimony.

Plaintiff alleges that discovery was "stalled" as a result of Defendant's persistent "delaying and stonewalling of legitimate discovery" to wit, Defendant's legitimate objections to Plaintiff's <u>subpoenas duces tecum</u> to the West Virginia State Police. (ECF Nos. 30, 51). Plaintiff's counsel's representation that the application of the discovery rules and the Rules of Civil Procedure is "stonewalling" fails to acknowledge that the trigger of the Motions for Protective Order was his continued attempts to conduct discovery on claims that do not exist; continual attempts to conduct discovery with no limitation to breadth; and his failure to respond to our good faith efforts to resolve such issues.

Most appalling, Plaintiff's counsel asserts that Defendant's deployment to active duty service in the United State Army is somehow exemplary of an attempt to "obstruct, delay, and flagrantly disregard" the civil process. Trooper Stepp's deployment is not a voluntary deployment. He has not placed himself in harm's way—while leaving his wife and young child—to serve our County for any reason not related to his legal, moral and ethical obligations as a member of our armed services. It is Plaintiff and not Trooper Stepp who sought the stay. This conspiracy theory concocted by Plaintiff's counsel is an affront to veterans and members of our military.

On May 10, 2019, Plaintiff filed a Motion for New Trial Date and to Extend Discovery Deadlines asserting "Plaintiff completely refused to depose Defendant until the documents made subject of the motions for protective order were produced or this

Court ruled on the motions. (ECF No. 54 at ¶ 6). Since the pendency of this motion, Defendant's motions for protective order have been ruled on. (ECF No. 82).

Defendant respectfully submits that this case is ripe for summary judgment. If the deployment has not ended in sufficient time to prepare for and participate in trial, Trooper Stepp will seek relief Under the Soldiers' and Sailors' Civil Relief Act of 1940, 50 U.S.C.A. app. § 501 et seq., in the form of a stay of civil proceedings.

This is an excessive force case wherein Plaintiff asserts Trooper Stepp used excessive force when Plaintiff sent him on a high-speed chase, assaulted him, and attempted to disarm him in the course of a lawful arrest. (See Sentencing Order, ECF No. 81-1 at pp 20-23.) A stay is unnecessary as the material issues in this case are ripe for summary judgment and were fully and fairly litigated in the state court criminal trial.

While Plaintiff correctly articulates the standard set forth in Hilton v. Braunskill, 481 U.S. 770, 776, 107 S. Ct. 2113, 2119 (1987), the factors do not weigh in his favor. Under Hilton the United States Supreme Court has held that courts should consider the following in determining whether to grant a stay in proceedings:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

Id. Each relevant factor will be discussed in turn.

Plaintiff's contention that his criminal appeal will "change the complexion of this case" is unavailing. Among the Assignments of Error set forth in Plaintiff's Notice of Appeal in his underlying criminal case, Plaintiff asserts that he was denied a fair trial pursuant to the 14th Amendment of the United States Constitution and Article III, Section 14 of the West Virginia Constitution; the trial court improperly refused to give Plaintiff's

proffered jury instructions; and the trial court improperly limited counsel's closing arguments.

The basis of Plaintiff's constitutional claims is the notoriety of the incident and its publication in local paper during the second day of trial. The West Virginia Supreme Court of Appeals has held "In order to succeed in a claim that his or her constitutional right to an impartial jury was violated, a defendant must affirmatively show prejudice." Syl. Pt. 7, State v. Phillips, 194 W.Va. 569, 461 S.E.2d 75 (1995).' Syl. Pt. 6, State ex rel. Quinones v. Rubenstein, 218 W.Va. 388, 624 S.E.2d 825 (2005)." Syl. Pt. 6, State ex rel. Farmer v. McBride, 224 W.Va. 469, 686 S.E.2d 609 (2009).

Plaintiff's assignment of error with respect to the trial court's limitation of his closing argument—i.e. his inability to characterize Defendant's use of force as a crime or an assault—is equally unavailing. The West Virginia Supreme Court of Appeals has held that "[t]he discretion of the trial court in ruling on the propriety of argument by counsel before the jury will not be interfered with by the appellate court, unless it appears that the rights of the complaining party have been prejudiced, or that manifest injustice resulted therefrom.' Syl. Pt. 7, Smith v. Andreini, 223 W. Va. 605, 607, 678 S.E.2d 858, 860 (2009) (quoting Syl. pt. 3, State v. Boggs, 103 W.Va. 641, 138 S.E. 321 (1927)).

With respect to jury instructions, the West Virginia Supreme Court of Appeals has held that "[t]he formulation of jury instructions is within the broad discretion of a circuit court, and a circuit court's giving of an instruction is reviewed under an abuse of discretion standard. A verdict should not be disturbed based on the formulation of the language of the jury instructions so long as the instructions given as a whole are

accurate and fair to both parties." Syl. Pt. 1, <u>Rundle v. Keane</u>, 209 W. Va. 264, 265, 546 S.E.2d 263, 264 (1999) (quoting Syl. Pt. 6, <u>Tennant v. Marion Health Care Foundation</u>, Inc., 194 W. Va. 97, 459 S.E.2d 374 (1995)). Furthermore, Plaintiff's contention is incorrect. While West Virginia law holds that individuals have the right to resist unlawful arrests, <u>Andersen v. Haynes</u>, 2009 U.S. Dist. LEXIS 74692, at *35-37 (N.D.W. Va. Aug. 21, 2009) (citing <u>State v. Holmes</u>, 125 W. Va. 97, 23 S.E.2d 61, 63 (W. Va. 1942) and <u>State v. Clark</u>, 64 W. Va. 625, 63 S.E. 402, 408 (W. Va. 1908)), it does not provide for a self-defense exception to excessive force. For the foregoing reasons, Plaintiff's appeal is likely futile.

Plaintiff will not be irreparably harmed absent a stay in this proceeding. To begin, it was Plaintiff's tactical decision to choose not to depose Defendant in this case. Trooper Stepp has testified regarding all of the facts underlying this case before a grand jury and in the state court criminal trial. Plaintiff's counsel chose not to attend trial or obtain that testimony. Plaintiff issued five sets of written discovery to Defendant and issued numerous <u>subpoenas duces tecum</u> and deposed several witnesses. Furthermore, Defendant has produced a dashcam video memorializing the incident and deposed the Plaintiff in this matter.

Finally, Plaintiff's contention of a public interest is without merit. Plaintiff was tried and convicted of obstructing, battery on a peace office, and attempt to disarm a peace officer after fleeing in his vehicle for which Defendant was obligated to use force in effecting an arrest. Because of Plaintiff's malfeasance, he is currently incarcerated where he will remain for the foreseeable future. Any notion that this proceeding has implications beyond the present case is wholly without merit. Thus, Defendant believes

that this case is ripe for summary judgment and that no additional discovery will change the facts.

**WHEREFORE**, for the forgoing reasons, Defendant respectfully requests that this Court strike Plaintiff's pleading regarding Defendant's military service and deny Plaintiff's Motion to Stay. Defendant further requests that this Court grant him his costs and fees in responding to Plaintiff's Motion.

               NATHAN SCOTT STEPP
               By Counsel,

               */s/ W. Austin Smith*
               Wendy E. Greve, Esq., WVSB #11045
               W. Austin Smith, Esq. WVSB #13145

**Pullin, Fowler, Flanagan, Brown & Poe, PLLC**
JamesMark Building
901 Quarrier Street
Charleston, West Virginia 25301
Telephone (304) 344-0100
Facsimile (304) 342-1545

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION**

**JOSHUA M. SETTLE,**

    **Plaintiff,**

v.                                                           Civil Action No. 2:18-cv-01177
                                                              Judge John T. Copenhaver, Jr.

**NATHAN SCOTT STEPP,
Individually as a member of the
West Virginia State Police,**

    **Defendant.**

## **CERTIFICATE OF SERVICE**

    The undersigned counsel for Defendant, Nathan Scott Stepp, individually and as a member of the West Virginia State Police, does hereby certify that on this **6th** day of **September 2019**, the foregoing ***Defendant's Response to Plaintiff's Emergency to Stay Discovery and Trial*** was served upon counsel of record by utilizing the CM/ECF filing system.

Eric J. Buckner, Esq.
Russell A. Williams, Esq.
KATZ, KANTOR, STONESTREET & BUCKNER, PLLC
112 Capitol St., Suite 100
Charleston, WV 25301

                                                 */s/ W. Austin Smith*_____
                                                 Wendy E. Greve, Esq., WVSB #11045
                                                 W. Austin Smith, Esq. WVSB #13145

**Pullin, Fowler, Flanagan, Brown & Poe, PLLC**
JamesMark Building
901 Quarrier Street
Charleston, West Virginia 25301
Telephone (304) 344-0100
Facsimile (304) 342-1545