```
                    UNITED STATES DISTRICT COURT
                  SOUTHERN DISTRICT OF WEST VIRGINIA
                            AT CHARLESTON

JOSHUA M. SETTLE,

        Plaintiff,

v.                                   Civil Action No. 2:18-cv-01177

NATHAN SCOTT STEPP, individually
as a member of the West Virginia
State Police,

        Defendant.
```

## MEMORANDUM OPINION AND ORDER

Pending is plaintiff's emergency motion to stay discovery and trial, filed August 27, 2019.

The court's May 31, 2019 order revised the schedule in this case and extended discovery until September 20, 2019, in part because of the expected "absence of the defendant for military service from April 3, 2019 to August 22, 2019." Plaintiff now asserts that during a deposition of defendant Nathan Scott Stepp on August 14, 2019, in a separate federal lawsuit filed in this court,[1] plaintiff's "counsel learned <u>for the first time</u> that Defendant was being deployed with the West Virginia Army National Guard to Kuwait the following week and will be gone for a <u>year or more</u>."  Pl.'s Emergency Mot. 1-2.

---

[1] <u>Cottrell v. Stepp et al.</u>, No. 2:18-cv-01281 (S.D.W Va. filed Sept. 6, 2018).

Plaintiff argues that defendant's undisclosed departure requires a stay of discovery and trial "so Plaintiff can take Defendant's deposition once he returns to West Virginia and so that Defendant can be present during trial (which will have to be rescheduled)." Id. at 3.

Defendant does not dispute plaintiff's assertion that he is currently deployed for a year or more. Instead, both parties attached an identical email conversation in which plaintiff's counsel writes to defendant's counsel on June 3, 2019, "I was just informed that Trooper Stepp is being deployed overseas in July. Please confirm." See Def.'s Resp. Opp. Emergency Mot., Ex. 1; Pl.'s Reply, Ex. 1. Defendant's counsel responds on June 7, 2019, "He is being deployed. I will confirm the dates." Id. On June 8, 2019, plaintiff's counsel asks for confirmation, "Will you make him available for a deposition and for trial?" Id. The conversation ends without a response from defendant's counsel.

It appears defendant's counsel never notified the court or opposing counsel of when exactly defendant would be deployed or available for deposition. The court's latest understanding, expressed in the May 31, 2019 order, was that defendant would be absent "for military service from April 3, 2019 to August 22, 2019." This was consistent with defendant's

2

previous representation that he was "scheduled for military leave throughout the Spring and Summer of 2019." Def.'s Resp. Opp. Mot. New Tr. Date 2.

Defendant contends that this case is nonetheless ripe for summary judgment and that a stay is unnecessary. Def.'s Resp. Opp. Emergency Mot. 3. Yet, any inconvenience from a delay is overcome by the need to give plaintiff a fair opportunity to depose defendant. Insofar as defendant's deposition was delayed by ongoing discovery disputes, the court recently found in an order entered on August 30, 2019 that plaintiff was entitled to certain West Virginia State Police documents, including those with "information related to prior excessive force incidents involving allegations that Defendant beat a detained suspect." Thus, the only remaining delay to defendant's deposition is the undisclosed deployment.

Accordingly, plaintiff's motion for a stay pending defendant's deployment is granted.

Plaintiff also requests a stay pending his criminal appeal in the state criminal case against him because "the result of Plaintiff's criminal appeal will, in all likelihood, drastically change the complexion of this case, including the legal defenses available to Defendant." Pl.'s Emergency Mot. 3. Inasmuch as the criminal appeal may be resolved during the

lengthy stay anticipated in this case, that request is denied without prejudice.

For good cause shown, it is ORDERED that proceedings in this case be, and hereby are, stayed until further order of the court. The parties are directed to inform the court as soon as defendant returns to civilian status.

It is further ORDERED that this case be, and it hereby is, retired from the active docket of the court.

The Clerk is directed to transmit copies of this order to all counsel of record and any unrepresented parties.

ENTER: September 20, 2019

_____
John T. Copenhaver, Jr.
Senior United States District Judge