**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

JOSHUA M. SETTLE,

Plaintiff,

v. CIVIL ACTION NO. 2:18-cv-01177

NATHAN SCOTT STEPP,

Defendant.

**ORDER**

Before this Court are the motions to exclude expert witnesses filed by Plaintiff Joshua M. Settle ("Plaintiff") (ECF No. 67) and Defendant Nathan Scott Stepp ("Defendant") (ECF No. 72). For the reasons explained more fully herein, Plaintiff's motion (ECF No. 67) is **DENIED**, and Defendant's motion (ECF No. 72) is **GRANTED**.

*I. Plaintiff's Motion to Exclude Defense Expert Sergeant B.L. Keefer (ECF No. 67)*

Plaintiff seeks to exclude the testimony of West Virginia State Police Sergeant B.L. Keefer ("Keefer"), who was Defendant's supervisor at the time of the incident described in Plaintiff's complaint and whom Defendant disclosed as a non-retained expert witness, pursuant to Federal Rule of Evidence 403. (ECF No. 67.)[1] Rule 403 provides that relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay,

1 Defendant asserts that Plaintiff's motion is premature because it is essentially a motion in limine and discovery in this case is ongoing. (ECF No. 69 at 4; *see* ECF No. 88.) However, nothing in the scheduling order precludes a motion in limine from being filed prior to a certain date (ECF No. 88), and Defendant does not argue that more information is necessary for this Court to rule on Plaintiff's motion (ECF No. 69 at 4).

wasting time, or needlessly presenting cumulative evidence." Importantly, though, "Rule 403 is a rule of inclusion, generally favoring admissibility." *United States v. Tillmon*, 954 F.3d 628, 643 (4th Cir. 2019) (quoting *United States v. Odeozor*, 515 F.3d 260, 264–65 (4th Cir. 2008)).

Plaintiff first argues that Keefer's proposed testimony is cumulative of the testimony to be offered by Defendant's retained expert, Samuel D. Faulkner ("Faulkner"), on the use-of-force issue. (ECF No. 67 at 2–5.) He contends that both experts "rel[y] on the same evidence" and their opinions "address issues that are virtually identical." (*Id.* at 4.) But the mere fact that multiple expert witnesses testify about the same issue does not inherently warrant exclusion of all but one's testimony, especially where, as here, the issue "is a highly contested and critical component of this case." *Wickersham v. Ford Motor Co.*, Nos. 9:13-cv-1192-DCN, (9:14-cv-0459-DCN, 2016 WL 5349093, at *10 (D.S.C. Sept. 26, 2016). This is even more true when, like in this case, at least one of the witnesses is not compensated for his testimony. *Mears Grp., Inc. v. Kiawah Island Util., Inc.*, No. 2:17-cv-2418-DCN, 2020 WL 509142, at *2 (D.S.C. Jan. 31, 2020) (citing *United States v. Galecki*, 932 F.3d 176, 186–87 (4th Cir. 2019)). Plaintiff suggests that Keefer's opinion that Defendant's conduct comported with his previous training is subsumed within Faulkner's opinion that Defendant's actions fell within the bounds of "accepted law enforcement training and standards." (ECF No. 71 at 2–3.) However, Keefer's perspective is unique because as Defendant's supervisor at the time of the incident described in the complaint, he investigated the incident after it happened. The testimony he could provide is thus not so needlessly cumulative as to warrant exclusion.

Plaintiff next contends that Keefer's proposed testimony "constitutes improper bolstering" of Faulkner's because their opinions are "virtually identical." (ECF No. 67 at

5–7.) As a general principle, "[b]olstering occurs when the testimony's sole purpose is to enhance the credibility of a witness or source of evidence, without substantively contributing to make the existence of a fact that is of consequence to the determination of the action more or less probable than it would be without the evidence." 98 C.J.S. *Witnesses* § 627; *see* Fed. R. Evid. 608(a) ("[E]vidence of truthful character is admissible only after the witness's character for truthfulness has been attacked."). "Thus, absent 'unusual circumstances,' [this Court] must exclude expert testimony on issues of witness credibility." *United States v. Fuertes*, 805 F.3d 485, 495 (4th Cir. 2015) (quoting *United States v. Lespier*, 725 F.3d 437, 449 (4th Cir. 2013)); *see United States v. Tran Trong Cuong*, 18 F.3d 1132, 1143 (4th Cir. 1994) (holding "it was error to allow [prosecution's expert witness] to bolster his opinion evidence by testifying that his conclusions as to [defendant's] actions were 'essentially the same' as those of a Dr. Stevenson, who did not testify and whose report was not introduced into evidence"). The parties agree that Keefer will not expressly testify to Faulkner's credibility or the truthfulness of his opinions (ECF No. 67 at 6; ECF No. 69 at 8; ECF No. 71 at 3); however, Plaintiff avers that the fact that Keefer's opinions align with Faulkner's will render Faulkner's inherently more credible (ECF No. 67 at 6; ECF No. 71 at 3). That may be true, but the fact that two expert witnesses reach the same conclusion does not render the testimony of one of them "bolstering." *See Mears Grp.*, 2020 WL 509142, at *1–*2 (rejecting party's argument that non-retained expert would bolster retained expert's testimony because both "will testify as to the same conclusions").

Finally, Plaintiff argues that Keefer's proposed testimony would mislead the jury because he has no "specialized knowledge or experience in use of force incidents or law enforcement training" and is unfairly prejudicial because he does not have an objective

perspective on the incident due to his status as Defendant's supervisor. (ECF No. 67 at 7–8.) The former argument is clearly without merit, as the key difference between expert and lay testimony is that "an expert witness must possess some specialized knowledge or skill or education that is not in possession of the jurors." *United States v. Johnson*, 617 F.3d 286, 293 (4th Cir. 2010) (internal quotation marks omitted). This specialized knowledge may be based solely on experience. *United States v. Wilson*, 484 F.3d 267, 274 (4th Cir. 2007). Notably, Plaintiff does not appear to contend that Keefer does not possess more specialized knowledge about law enforcement practices and training than a juror, only that he is equally as qualified as Defendant to testify about whether Defendant's actions were consistent with his training. (*See* ECF no. 67 at 7.) But that does not prohibit Keefer from testifying as an expert witness, and surely Plaintiff would object if Keefer drew the same conclusions while testifying only as a lay witness.

Plaintiff's argument that Keefer's proposed testimony is unfairly prejudicial likewise fails. "Evidence is unfairly prejudicial and thus should be excluded under Rule 403 'when there is a genuine risk that the emotions of a jury will be excited to irrational behavior, and that this risk is disproportionate to the probative value of the offered evidence.'" *United States v. Lentz*, 524 F.3d 501, 525 (4th Cir. 2008) (quoting *United States v. Aramony*, 88 F.3d 1369, 1378 (4th Cir. 1996)). Plaintiff does not even argue that this is the case; rather, he asserts that the applicable standard is "objective reasonableness" and Keefer cannot possibly be objective because he was Plaintiff's supervisor at the time of the incident. (ECF No. 67 at 7–8.) But "an expert witness's bias goes to the weight, not the admissibility[,] of the testimony, and should be brought out on cross-examination." *Ohio Valley Envtl. Coal., Inc. v. U.S. Army Corps of Eng'rs*, No. 3:11-cv-00149, 2012 WL 8503238, at *1 (S.D.W. Va. May 3, 2012) (quoting *Grant*

*Thornton, LLP v. FDIC*, 297 F. Supp. 2d 880, 884 (S.D.W. Va. 2004) (internal alteration omitted).

In conclusion, Plaintiff's arguments for preventing Keefer from testifying at trial in this matter are, at this point in the litigation, unavailing. As such, his Motion to Exclude Defense Expert Sergeant B.L. Keefer (ECF No. 67) is **DENIED**. However, Plaintiff is not precluded from raising these arguments during the trial if appropriate.

*II. Defendant's Motion to Exclude Dr. Bauer as a Rebuttal Expert (ECF No. 72)*

Defendant moves to prevent Dr. Jeremy J. Bauer, Ph.D ("Bauer") from testifying in this matter because his report was not timely disclosed and because he is not a proper rebuttal witness. (ECF No. 72 at 3–7.) Turning first to the timeliness of the disclosure, the scheduling order then in place provided that rebuttal expert disclosures were due on May 20, 2019. (ECF No. 10 at 1.) However, the docket reflects that Bauer's report was not provided to Defendant until August 23, 2019. (*See* ECF No. 80.) Plaintiff agrees that he did not timely disclose Bauer's report, but he contends that any such failure was harmless. (ECF No. 76 at 2–4 & 2 n.1.)

Pursuant to Federal Rule of Civil Procedure 37(c)(1), if a party fails to timely disclose an expert witness's written report, "the party is not allowed to use that . . . witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." *Wilkins v. Montgomery*, 751 F.3d 214, 221 (4th Cir. 2014). In determining whether these conditions are satisfied, this Court must consider "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the non-disclosing party's explanation for its failure to disclose the evidence." *Id.* at 222 (quoting *S. States Rack & Fixture, Inc.*

*v. Sherwin-Williams Co.*, 318 F.3d 592, 596–97 (4th Cir. 2003)). In this case, any prejudice to Defendant that would have been caused by the late disclosure is minimized by the nearly yearlong period this matter was stayed after Plaintiff disclosed Bauer's report. (*See* ECF Nos. 85, 87.) Taking into account the additional time for discovery in the operable scheduling order, Defendant will have had approximately two and a half months to depose Bauer, and trial is not scheduled until February 23, 2021. (ECF No. 88.) Therefore, the potential harm to Defendant is not, in and of itself, a reason to exclude Bauer.

However, Defendant also contends that Bauer's proposed testimony does not rebut any of the opinions offered by his retained expert, Faulkner, so Bauer is thus not a proper rebuttal witness. (ECF No. 72 at 6–7.) Indeed, the purpose of a rebuttal witness is "to contradict or rebut evidence on the same subject matter identified by" the opposing party's witness. *Wise v. C.R. Bard, Inc.*, No. 2:12-cv-01378, 2015 WL 461484, at *2 (S.D.W. Va. Feb. 3, 2015) (quoting Fed. R. Civ. P. 26(a)(2)(D)(ii)). "Expert reports that simply address the same general subject matter as a previously-submitted report, but do not directly contradict or rebut the actual contents of that prior report, do not qualify as proper rebuttal or reply reports." *WPS Inc. v. Am. Honda Motor Co.*, No. 3:16-cv-2525-CMC, 2017 WL 4216159, at *2 (D.S.C. Sept. 22, 2017) (quoting *Boles v. United States*, No. 1:13-cv-00489, 2015 WL 1508857, at *2 (M.D.N.C. Apr. 1, 2015)). "A party may not offer testimony under the guise of 'rebuttal' only to provide additional support for his case in chief." *Wise*, 2015 WL 461484, at *2 (alteration omitted).

This is precisely what Plaintiff seeks to do here. Plaintiff represents that Bauer's proposed testimony will show that Defendant struck him on the head with a baton and will dispute "Defendant's claim that Plaintiff attempted to disarm him." (ECF No. 76 at

4–5.) With regard to the former, Plaintiff challenges Defendant's assertion that the source of Plaintiff's head wounds is undisputed, arguing that Defendant's written discovery responses "suggest[] that some of Plaintiff's head injuries may have been caused by contact with the pavement." (*Id.*) But Faulkner's report relies on Defendant's grand jury testimony that he struck Plaintiff in the head with his baton. (ECF No. 76-2 at 9, 16.) Bauer's proposed testimony about the source of Plaintiff's head wounds would thus confirm, not contradict or rebut, the facts that Faulkner relied on when forming his opinions.

Further, and somewhat relatedly, Plaintiff suggests that he could not have anticipated that Faulkner would rely on "Defendant's claim that Plaintiff attempted to disarm him" when forming his opinions. (ECF No. 76 at 5–7.) This argument is, quite frankly, disingenuous, as Plaintiff was criminally charged following the incident described in the complaint and was eventually found guilty of obstructing an officer and battery on an officer, among other offenses. (*See* ECF No. 72-1.) To the extent that Plaintiff's convictions do not estop him from contesting whether there was a "struggle" with Defendant during his arrest, he surely may offer evidence disputing Defendant's version of the facts. However, such evidence properly relates to his case in chief, as the entire premise of this action is that Defendant "violently beat Plaintiff with his night stick" "without justification or provocation." (ECF No. 1 at 4–6.) In that manner, the opinions Bauer seeks to offer are distinguishable from those to be offered by the rebuttal expert in *Peabody v. Perry Township*, No. 2:10-cv-01078, 2013 WL 164504 (S.D. Ohio Jan. 15, 2013), which Plaintiff cites in his brief (ECF No. 76 at 6–7). In *Peabody*, the rebuttal expert's proposed testimony related to a factual theory that was raised for the first time in the case in the opposing expert's opinions. 2013 WL 164504, at *3. Again,

that is not true here. Accordingly, Bauer's proposed testimony is not properly considered rebuttal evidence, and Defendant's motion to exclude him (ECF No. 72) is **GRANTED**.

**IT IS SO ORDERED**.

The Clerk is **DIRECTED** to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: September 30, 2020

Dwane L. Tinsley
United States Magistrate Judge